## ROBERT M. McALPINE AND ANOTHER v. W. H. BURNETT AND OTHERS.

The vendor's lien cannot be enforced against a purchaser, by deed from the vendor, who has purchased and paid for the land, without notice of the lien.

If the recitals in the chain of title, under which the purchaser holds, show that the purchase-money has not been paid to the prior vendor, he will be held to have had notice of such prior vendor's lien.

But when a plaintiff seeks to enforce his lien against a purchaser, who has a legal title, complete and fair upon its face, the burden of proof is upon him, to show that such purchaser had notice of his lien, or had not paid a valuable consideration.

The purchaser, in such case, does not occupy the position of a subsequent purchaser, seeking to assert the superiority of a junior over an elder title, by showing that he was a purchaser for a valuable consideration, without notice.

APPEAL from Harrison. Tried below before the Hon. Charles A. Frazer.

42

This was a suit by the appellants, to enforce the vendor's lien, upon a house and lot in the town of Marshall.

The plaintiffs alleged in their petition, that they had recovered a judgment against the defendant, William H. Burnett, upon a note executed by him to Garlington C. Dial, for a part of the purchase-money for the lot in question; that Burnett had subsequently sold the lot to the other appellees, John E. Hamlett and Soloman Perry, and executed to them a deed therefor; but that they, at the time, knew that the purchase-money from Burnett, for the lot, was unpaid. Burnett was also alleged to be insolvent.

The defendants filed a general denial; and Hamlett and Perry also specially denied that, at the time they purchased the house and lot, they had any knowledge whatever, that there was any incumbrance or lien for purchase-money upon it, claimed by the said Dial, or any one-else.

The deeds from Dial to Burnett, and from him to the other defendants, recited that the purchase-money had been paid by the respective purchasers, before the execution of their deeds.

There was a verdict and judgment for the defendants, from which the plaintiffs appealed.

*William H. Bristow*, for the appellants.

*P. Murrah*, for the appellees.

ROBERTS, J.—It is well settled, that a vendor's lien cannot be enforced against one holding title under the first vendee, by deed, provided the purchase has been made, and purchase-money has been paid before, or without notice, of the lien. (Mackreth v. Symmonds, 15 Ves. Rep. 336 ; 2 Sugden on Vend. 74.)

Where the deeds constituting the chain of title under which the last purchaser holds, show that the purchase-money has not been paid, as that one or more of the notes is not due, he will be held to have had notice of the lien; and where they do not, the notice may be otherwise established. (Irvine v. Campbell, 6

Binney, Rep. 118.) There is nothing recited in the deeds, under which the last purchasers held, in this case, calculated to give them notice of the lien.

The question then is, must the last vendees, Hamlett and Perry, assume the burden of proof, and allege and prove, that they are *bonâ fide* purchasers, for a valuable consideration, paid before notice of the lien: or, must McAlpine & Co., to follow their lien, allege and prove, that they had notice, or had not paid a valuable consideration for the lot. We are of opinion, that the burden rests upon the party claiming the lien. They are seeking to set up and enforce a tacit equity against persons standing on a legal title, complete and fair on its face; and therefore they must assert and establish the facts which constitute their equity. The principle is manifest, upon the mere statement of the proposition, for every complete legal title, *primâ facie*, carries with it, and covers the equitable title. If in any case, it does not so include it, in fact, the party claiming the equitable title must aver and prove it.

The authority relied on, in opposition to this view, supports, rather than overthrows it. (Howlett's Heirs v. Thompson's Executors and Bevil, 1 Ired. Eq. Rep. 369.) Thompson held the title to the land, in trust, for the security of money advanced by him for Howlett to Johnston, who had purchased it under execution against Howlett. Thompson advanced the money under an agreement to reconvey to Howlett, upon repayment of the advance, with interest. Instead of that, he conveyed the land to Bevil, who was proceeding at law to eject Howlett, upon the strength of his legal title. Howlett filed a bill, setting up his equity, and charging Bevil with notice of it previous to the payment of the purchase-money by him to Thompson. And upon these facts being established, it was decreed that Howlett should "be let in to redeem the land, as having been, in effect, mortgaged for the repayment" of the money advanced, and interest thereon. (Opinion of GASTON, J., 375.) There, Howlett had a secret equity of redemption, which could have availed him against

Bevil's legal title, only by his alleging and proving the facts out of which it arose.

The last vendees in this case, Howlett and Perry, do not occupy the position of subsequent purchasers, having to assert the superiority of a junior title against an elder title, by showing that they were purchasers for a valuable consideration, without notice; because they have the legal title, and are not opposed by one having any legal title. The reason why a subsequent purchaser, holding under a junior deed, must assume the burden of proof, is, that he has the weaker legal title, and must set up his equity, to aid it in resisting the elder legal title.

In this case, Hamlett and Perry stand on their legal title. McAlpine & Co. claim an equity. The burden of proof is on them to establish their equity. They sought to do so, by averring that Hamlett and Perry had notice of their lien at the time of their purchase. This was specially denied. The jury found against the notice, and the evidence was not such as to require us to set it aside. The witness stated, that he gave notice to one of them, about the time of the purchase, but he could not say whether it was before or after. The plaintiff below had alleged that it was given before the purchase, and it was incumbent on him to prove it as alleged. There was no issue made as to the payment of the purchase-money. The plaintiffs might have sought to raise an equity by alleging that the purchase-money was not paid before notice, or that the last vendees held under a voluntary conveyance, as well as that they had notice at the time of the purchase. They selected their ground, and that alone was in issue. We think there is no error in the judgment, and therefore it is affirmed.

                                        Judgment affirmed.