## H. A. WOOTTON v. J. T. THOMSON.

Decided May 5, 1909.

**1.—Real Property—Improvements by Another than Owner.**

A fence erected upon the land of another, though placed there by one believing in good faith that it was upon his own property, becomes a part of the realty and the legal property of the owner of the land.

**2.—Same—Equitable Interest—Notice.**

One erecting a fence upon the land of another under the belief that it is his own, acquired at most an equitable right to the fence or an equitable interest in the land on which it was placed, and the sale of the material by the owner of the land to a third party passes title to it in the absence of notice to the purchaser not only that the fence was erected by another, but also of circumstances giving the person erecting it some equitable right therein.

Error from the County Court of Tom Green County. Tried below before Hon. Milton Mays.

*Woldert & Dalton,* for plaintiff in error.—If one in good faith erects improvements upon the land of another, being mistaken as to boundary, and if while laboring under such mistake he constructs improvements upon the land of another, honestly believing it to be his own, he may recover their value. Long v. Cude, 75 Texas, 225; Butts v. Caffal, 24 S. W., 373-380; Wood v. Cahill, 21 Texas Civ. App., 43.

Improvements erected in good faith upon the land of another under a mistake of fact as to boundary belong to the party making the same. Butts v. Caffal, 24 S. W., 373-380; Long v. Cude, 75 Texas, 225; Dorn v. Dunham, 24 Texas, 366.

The court erred in finding, as a matter of law, after finding as a

matter of fact that the defendant Wootton agreed and recognized said fence to be on Mrs. Newis's land from and after January 1, 1906, and that about January 1, 1906, Mrs. Newis forbid Wootton "from taking said fence and lumber off her premises," and that in August, 1907, Mrs. Newis sold the material in said fence to Thompson, that said failure to remove would not work a divestiture of title, by forfeiture or otherwise. The adverse holding of Mrs. Newis could invest her with the title of plaintiff in error in no event, by limitation or otherwise, two years not having elapsed since the asserted claim of Mrs. Newis in January, 1906, and the sale to defendant in error in August, 1907, or the institution of this suit, to wit, November 13, 1907. 16 Am. & Eng. Ency. of Law, 104.

The court erred in its conclusions of law, after finding as a matter of fact that Wootton erected the fence upon the land of his adjoining land owner in *good faith,* in holding that Thompson, with notice of such fact, could purchase such improvements so erected from the adjoining landowner upon the premises, and by force appropriate said fence without compensation, in that such holding permits one to take advantage of his own wrong. Ballinger v. McMinn, 47 Texas Civ. App., 89.

No briefs for defendant in error.

KEY, ASSOCIATE JUSTICE.—J. T. Thomson brought this suit against H. A. Wootton in the Justice's Court, seeking to recover the value of certain lumber alleged to belong to Thompson and to have been unlawfully appropriated by Wootton. The case was appealed to the County Court, and upon trial there resulted in a judgment in favor of Thomson for $35, and Wootton has brought the case to this court by writ of error. No statement of facts has been brought up, and the case is submitted upon the trial judge's findings of fact, which are set out in brief for plaintiff in error as follows:

"The court found as conclusions of fact that Wootton owned lots numbered 5, 6 and 7 of block No. 2 in Ellis' Addition to San Angelo; that Mrs. Newis (from whom Thomson purchased the fence) owned lot No. 8 of said block adjoining Wootton on the east; that in the year 1905 Wootton erected the plank fence on the lot owned by Mrs. Newis six feet from the boundary line and parallel to it, and that the same was erected in good faith, defendant (Wootton) then believing that he owned the land upon which the fence was placed; that sometime during the year of 1905 Mrs. Newis was apprised of the fact that said fence was on her land, and notified defendant Wootton to remove said fence, and that he failed to do so. That about January, 1906, Mrs. Newis forbade Wootton from taking said fence off her premises. That in August, 1907, Mrs. Newis sold the material in said fence to Thomson, and that said Thomson caused said fence to be torn down and moved off of said premises to his residence; the court further finds that Wootton went to the residence of Thomson and went within his enclosure, and without the knowledge or consent of Thomson, took said lumber and carried the same off and appropriated it to his own use; that Thomson knew at the time he bought said material in said

fence that Wootton had built the same on Mrs. Newis' land without her knowledge and consent."

On the facts above set out, the trial court announced several conclusions of law, all of which are assailed by counsel for Wootton, and the contention is that the court should have rendered judgment for him. Whether or not the trial court was correct in all of its conclusions of law, it is unnecessary to decide, because, upon the facts found, the proper judgment was rendered. When the fence was placed on Mrs. Newis' land it became a part of the realty, and the legal title thereto was vested in her, although Wootton believed at the time of placing the fence there that he was placing it on his own land. The most that can be said in behalf of Wootton is that he had an equitable right to the fence or an equitable interest in Mrs. Newis' lot to the extent of the value of the fence, but such right or interest did not change the fact that the legal title to the fence was in Mrs. Newis, and when she sold it to Thomson he took it free from the claim of Wootton, unless he had notice of all the facts necessary to constitute Wootton's equitable claim. The facts do not show that Thomson had notice that Wootton acted in good faith and upon the belief that he was placing the fence upon his own land when he constructed it. The findings of the court do show that at the time Thomson bought the fence he knew that Wootton had built the same on Mrs. Newis' land without her knowledge and consent, but it does not appear from the findings that he knew or had notice of the fact that when Wootton constructed the fence he believed he was placing it upon his own land.

It is a well-settled rule that in a contest between one who has purchased the legal title and one holding the equitable title, the burden rests upon the latter to show that the former had notice of his superior equitable title when he purchased. (Barnes v. Jamison, 24 Texas, 362; Johnson v. Newman, 43 Texas, 642; Hill v. Moore, 62 Texas, 612; Cameron v. Romele, 53 Texas, 241; Saunders v. Isbell, 5 Texas Civ. App., 515.)

If the record submitted to this court showed that Thomson had notice of all the facts upon which Wootton predicates his rights, or showed that Thomson was not a purchaser for value, then a different question would be presented. But such is not the case, and on the facts disclosed by the trial judge's findings Thomson was entitled to recover.

*Judgment affirmed.*