## FRED LOW ET AL. v. GEORGE GRAY.

### Decided June 8, 1910.

**1.—Vendor and Vendee—Innocent Purchaser—Proof.**

As against the owner of the equitable title to land, a purchaser from the holder of the legal title, in order to establish a plea that he was a purchaser in good faith has the burden of proving, outside of the recitals in his deed, that he paid value for the land and that he purchased without notice, actual or constructive, of the outstanding equitable title.

**2.—Same—Actual Possession—Notice of Title.**

Actual possession of land by a tenant is notice of the title under which the tenant holds. This rule applied as against a plea of innocent purchaser.

**3.—Statute of Frauds—Agreement to Acquire Land.**

An agreement between two or more to acquire land for their joint benefit is not within the statute of frauds and therefore need not be in writing.

**4.—Trespass to Try Title—Equitable Title.**

A prayer to cancel the deed under which a defendant claims in trespass to try title is neither necessary nor proper when the purpose of the suit is to establish in plaintiff an equitable title to the land in controversy.

**5.—Vendor and Vendee—Undivided Interest—Partition.**

When the owner of an undivided interest in land conveys several tracts by *metes and bounds* aggregating, however, less than the entire interest of such owner, on final partition between the several owners the tracts conveyed by metes and bounds should be allotted to the respective purchasers if it can be done without prejudice to the other joint owners.

Appeal from the District Court of Colorado County. Tried below before Hon. M. Kennon.

*Adkins & Green,* for appellants, J. A. McWaid, W. A. McWaid and J. B. Low.—An executory agreement without consideration will not be enforced. Murphy v. Williams, 124 S. W., 900, and cases therein cited; 28 Am. & Eng. Ency. Law, 891, sec. b; Gober v. Hart, 36 Texas, 139.

Quantum of proof required. Neil v. Keese, 5 Texas, 23; Grace v. Hanks, 57 Texas, 14; Vandever v. Freeman, 20 Texas, 334; Pierce v. Fort, 60 Texas, 471; Whitfield v. Diffie, 105 S. W., 324.

The probative strength of evidence. Kelly v. Short, 75 S. W., 883; King v. Gilleland, 60 Texas, 271; Miller v. Yturria, 69 Texas, 554; Atchison, T. & S. F. Ry. Co. v. Wiley, 118 S. W., 1127; Grooms v. Rust, 27 Texas, 231.

That the title having vested in Low because of the facts, the demand by Gray comes within the statute of frauds. Allen v. Allen, 107 S. W., 528; Paris Grocer Co. v. Burks, 99 S. W., 1137, and cases therein cited; Boon v. Chamberlain, 82 Texas, 480; Grooms v. Rust, 27 Texas, 231; Hayworth v. Williams, 116 S. W., 45.

The equitable title through a resulting trust can not arise where the evidence leaves it uncertain what proportionate part of the consideration for the land is paid by the party seeking to establish such trust, and where the amount so paid does not represent some definite

part of said land. Browne on Statute of Frauds, 5th ed., p. 100, sec. 86; Hayworth v. Williams, 116 S. W., 45; Allen v. Allen, 107 S. W., 530; Grooms v. Rust, 27 Texas, 231; Sayre v. Townsends, 15 Wend. (N. Y.), 647; White v. Carpenter, 2 Paige (N. Y.), 217.

A parol trust can not be established by the declarations of a deceased trustee, and especially so when testified to by a party interested in establishing such trust and whose testimony is not only uncorroborated but unreasonable. Atchison, T. & S. F. Ry. Co. v. Wiley, 118 S. W., 1127; Pierce v. Fort, 60 Texas, 464; Grooms v. Rust, 27 Texas, 231.

The law is that, in order to engraft a parol trust upon a deed the testimony should be clear and satisfactory, and such as is reasonably attainable under the circumstances of the case, and should be scanned with a strict and scrutinizing eye. Grooms v. Rust, 27 Texas, 231; Mead v. Randolph, 8 Texas, 191; East Line & R. R. Ry. Co. v. Garrett, 52 Texas, 133.

If appellee and W. H. Low formed a partnership for the purpose of buying and selling cattle and real estate, the deeds to the land being taken in the name of Low, such agreement comes within the statute of frauds and can not be established by parol, and appellee, therefore, can not maintain this suit of trespass to try title. Browne on Statute of Frauds, 347, sec. 261e; Bird v. Morrison, 12 Wis., 138; Smith v. Burnham, 3 Sumn. (U. S.), 437; White v. Fitzgerald, 19 Wis., 504; Rowland v. Boozer, 10 Ala., 690; Causler v. Wharton, 62 Ala., 358; Raub v. Sith, 61 Mich., 543; Schultz v. Waldons, 60 N. J. Eq., 71; Everhart's Appeal, 106 Pa. St., 349.

The court erred in not rendering judgment for appellants, for the reason that, this being a simple suit of trespass to try title and their deeds from W. H. Low not being sought to be set aside for any reason, they should recover on their title. Groesbeck v. Crow, 85 Texas, 200; Wiedner v. Hell, 26 S. W., 781; Sanborn v. Bush, 91 S. W., 884; Hoffman v. Buchanan, 123 S. W., 171; Dean v. Lyons, 47 Texas, 18.

The equitable title of appellee being in privity with the legal title of Low, possession by appellee, through George Gray, Jr., as tenant, would not be notice of such equitable title to appellants who purchased from said Low. Montague County v. Meadows, 42 S. W., 326; Causey v. Handley, 98 S. W., 431 and cases therein cited.

That plaintiff, George Gray, and Lowe being both in possession through George Gray, Jr., and John Liken being in possession of his undivided one-third, the possession of Gray would not be exclusive. Wright v. Lassiter, 71 Texas, 640; Turner v. Moore, 81 Texas, 206; Hill v. Harris, 64 S. W., 822; Blaske v. Stettegast, 123 S. W., 220.

That Low and Gray both being in possession, such possession will be referable to the legal title. Cameron v. Romele, 53 Texas, 243; Eyler v. Eyler, 60 Texas, 318; Puckett v. Reed, 22 S. W., 515; Smith v. Yule, 89 Am. Dec., 167; Bragg v. Massie, 79 Am. Dec., 85.

That there being no deed to Gray, Sr., to the several tracts in suit, possession by Gray, Jr., as notice must be confined to the particular tract or survey pedally occupied by Gray, Jr., and could not extend to the other several tracts; and, plaintiff having failed to show which particular tract or survey George Gray occupied, does not show notice

as to any of said tracts or surveys, and therefore appellants must be deemed to be innocent purchasers as to all of the land in suit. Turner v. Moore, 81 Texas, 206; Lowry v. McDaniel, 124 S. W., 710; Allday v. Whittaker, 1 S. W., 794; Faison v. Primm, 34 S. W., 834; Bayne v. Denny, 52 S. W., 982.

*Adkins & Green,* for appellants, Fred, Louis, Earl and Laberta Low, Jennie Hale, W. Ed. Low, Clara Low, Fannie Huff, Charles W. Huff and F. N. Hale.—In order to maintain trespass to try title through a trust, the payment of the purchase money must be shown by clear and certain evidence, and such evidence must be admissible to prove such trust under the rules laid down by the courts. And in this case, the evidence of such payment being declarations of the deceased trustee, through George Gray, Jr., who has a contingent interest in appellee's claim, is insufficient to establish the payment of any money by appellee under the agreement that appellee should furnish one-half of the purchase money, and is too uncertain to raise an express or resulting trust. 28 Am. & Eng. Ency. Law, 891, sec. b; Grooms v. Rust, 27 Texas, 231; Browne on Statute of Frauds, 5th ed., p. 100, sec. 86; Pierce v. Fort, 60 Texas, 464.

*Carothers & Brown,* for appellees in answer to brief of appellants, J. A. McWaid, W. A. McWaid and J. B. Low.—If parties jointly raise a fund for the purpose of buying a definite tract of land under an express agreement that one party shall take the legal title and shall hold the same, one-half for himself and one-half in trust for the other party, and in pursuance of the said agreement they purchase said land with said joint fund and take the title as agreed, this transaction does not come within the statute of frauds, and the title vests as they had agreed even though the preliminary agreement is not in writing. Gardner v. Rundell, 70 Texas, 456; James v. Fulcrod, 5 Texas, 512; Reed v. Howard, 71 Texas, 204; Watkins v. Gilkerson, 10 Texas, 343; Lucia v. Adams, 82 S. W., 335.

Where the owner of the equitable title to land is in possession, either in person or by tenant, under claim of right, his possession is notice to the world, and one who purchases without making inquiries of the party in possession, does so at his peril. Collum v. Sanger Brothers, 98 Texas, 162; Harold v. Sumner, 78 Texas, 583; Glendenning v. Bell, 70 Texas, 633; Diffie v. Thompson, 90 S. W., 193; Smith v. James, 54 S. W., 41.

The four-year statute of limitation does not apply to a suit where the cestui que trust sues the holder of the legal title to recover the land, but applies only to suits where the plaintiff sets up fraud, accident or mistake and seeks to avail himself of the equitable remedies of rescission or cancellation to set aside a transaction voidable on account of such fraud, accident or mistake. Hoffman v. Buchanan, 123 S. W., 171; Stafford v. Stafford, 96 Texas, 106; Craig v. Harless, 76 S. W., 594.

*Townsend, Ayars & Townsend* and *Carothers & Brown,* for appellee, in answer to brief of appellants, Fred, Louis, Earl and Laberta Low,

Jennie Hale, W. Ed. Low, Clara Low, Fannie Huff, Charles W. Hudd and F. N. Hale.

NEILL, ASSOCIATE JUSTICE.—This suit was brought, in the ordinary form of an action of trespass to try title, by George Gray against Fred, Louis, Earl and Laberta Low, Jennie Hale, W. Ed. Low, Clara Low, Fannie Huff, Charles W. Huff and F. N. Hale; and J. A. McWaid, W. A. McWaid and J. B. Low, and also J. F. Liken, to recover an undivided one-third of three thousand four hundred and ninety-six acres of land, situated in Colorado County, Texas, described in plaintiff's first amended original petition, upon which the case was tried. It alleged that all the defendants, except J. A. McWaid, W. A. McWaid and J. B. Low, and also J. F. Liken, are the heirs of W. H. Low, deceased, through whom they claim title, and that Liken also claims an undivided one-third interest in said three thousand four hundred and ninety-six acres.

The defendants, who are the appellants, interposed a general demurrer, pleaded the statutes of two, three, four, five and ten years' limitation, innocent purchasers, a general denial and not guilty.

The case was tried before the court without a jury and judgment was rendered in favor of plaintiff against defendants for one-third undivided interest in the land described in plaintiff's petition, as prayed for. From this judgment all the defendants except J. F. Liken, whose one-third was not affected by it, have appealed.

On October 11, 1900, Frank A. Ramsey executed a general warranty deed to W. H. Low conveying to him an undivided one-third interest in the land described in plaintiff's petition. It recites the consideration of $4,000, of which $2,500 is recited cash, and $1,770.66 in the grantee's assuming the payment of certain incumbrances on the land to that amount, with interest thereon.

And on October 13, 1900, Samuel S. Liken executed to W. H. Low a general warranty deed, conveying to him an undivided one-third interest in all of said lands. This deed recites, as the consideration, a deed from the grantee to the grantor to 320 acres of land in Washington County, Colorado, and the further consideration of $3,270.66 paid and secured to be paid as follows: $1,500 in cash, $1,770.66 by the grantee's assuming the payment of certain specified incumbrances on the land conveyed.

W. H. Low, through these two deeds, is the common source of title. The plaintiff claims under him through an express parol trust; all the defendants except J. A. McWaid, W. A. McWaid and J. B. Low, claim as his heirs; and each of the last-named defendants claims under a deed made to him by W. H. Low, conveying him two-thirds interest in a designated part of the land sued for. That J. F. Liken owns the remaining one-third of the land is conceded by all the parties. The heirship of such defendants as claim through W. H. Low by inheritance is not disputed.

The only issues of fact are: (1) Whether there was such a parol agreement between the plaintiff and W. H. Low, and performance of it on the part of the former, at the time the deeds above mentioned were made to the latter, as to vest equitable title to an undivided one-

third interest in the land described in them in the plaintiff and constitute Low his trustee under said deeds as his trustee for such interest in the lands; (2) whether the McWaids and J. B. Low, or any of them, were *bona fide* purchasers for value without notice of plaintiff's equitable title at the time each purchased the part of the land claimed by him; and (3) whether plaintiff's equitable title was barred by any of the statutes of limitation.

Upon all these issues the trial court found as follows: "The deeds from Frank A. Ramsey and Samuel S. Liken to W. H. Low, referred to above, were executed in accordance with an agreement between the said W. H. Low and George Gray, the plaintiff herein, that they would purchase the land for their joint and equal benefit; that each would furnish one-half of the purchase price, and that the deeds should be taken in the name of W. H. Low alone, and the title to one-half of same to be held by Low for Gray. That the purpose of having the deed taken in the name of W. H. Low was that the said Gray and Low desired to also purchase another one-third in the 3,496 acres of land owned by John S. Liken, the reason being that, as the latter and plaintiff, George Gray, were enemies, it was believed that, if the name of plaintiff appeared as grantee in said deed, the said John S. Liken would not sell his said interest. In accordance with this agreement, and at the time of the execution of the deed, the said George Gray paid one-half of the purchase price. Immediately after the purchase of the lands conveyed to W. H. Low under the agreement between him and George Gray, George Gray, Jr., a son of the plaintiff, went into actual possession of the land as agent for his father and W. H. Low, and continued in such possession to the time of the judgment in this case, and such possession was during all that time open and notorious. It follows that when the two McWaids and James B. Low purchased from W. H. Low in 1903, George Gray, Jr., was in open and notorious possession of the premises as agent for the said W. H. Low and George Gray, and that the McWaids thereby had notice of the plaintiff's interest in the land. The defendant, J. F. Liken, is the owner of the undivided one-third of the lands in question not conveyed to W. H. Low by Frank Ramsey and by Samuel S. Liken. There was no adverse possession by W. H. Low of the land in litigation as against George Gray, and no adverse possession by George Gray against W. H. Low." If there were evidence reasonably tending to support these findings they are binding upon us; and, under the law applicable to them, the judgment must be affirmed.

The principal witness by whom plaintiffs sought to prove his equitable title to the land, was his son, George Gray, Jr. The testimony of this witness is vigorously assailed by the appellants, and they contend that it falls short of clearly and satisfactorily establishing such facts as are essential to show such title. While there are apparently some inconsistencies in his testimony, they are not irreconcilable. After reading and considering it all, as written in the statement of facts, in connection with the two letters written to plaintiff by W. H. Low, which were introduced in evidence, we are not prepared to say that it does not establish the affirmative of the first issue of fact, above stated, with the clearness and degree of satisfaction required to engraft a

parol trust on the two above-mentioned deeds to Low, such as to vest in plaintiff an equitable title to the land sued for.

As to the second issue of fact, the burden was upon the appellants, J. A. and W. A. McWaid and J. B. Low, each to establish his plea of purchaser in good faith. In order to shoulder and carry this burden to a successful end it was necessary for each to prove, outside of the recitals in his deed, that he paid value for the land and that he purchased without notice, actual or constructive, of the plaintiff's equitable title to the same. In such proof each wholly failed.

As to the third issue of fact, the evidence clearly shows that George Gray, Jr., was, from the date of the deed to the time this action was instituted, in possession of the land in controversy, holding the same for his father, the plaintiff, under his equitable title. We, therefore, sustain and adopt the conclusions of fact above quoted of the trial court. This disposes of such of the assignments of error as attack such findings.

That an agreement to acquire land is not within the statute of frauds and need not be in writing is too well settled in this State to require citation of authorities.

The contention of appellants, that when the plaintiff brings an action of trespass to try title in the statutory form without seeking to annul the deeds conveying the legal title under which defendants hold, can not be maintained. In a case like this, the last thing the plaintiff should want to do, would be to have the deed under which the defendants hold, annulled. This would be an act of suicide to his own title; for he holds under such deeds, as well as the defendants. That an action of trespass to try title brought in the ordinary form may be maintained on an equitable title seems well settled in this State. Easterling v. Blythe, 7 Texas, 209; Martin v. Parker, 26 Texas, 254; Hill v. Moore, 62 Texas, 610; Hardy v. Beaty, 84 Texas, 562; Mason v. Buider, 97 S. W., 715; Tompkins v. Broocks, 43 S. W., 70; Betzer v. Goff, 35 Texas Civ. App., 406.

While the deeds made by W. H. Low, conveying specific parts of the land respectively to J. A. McWaid, W. A. McWaid and J. B. Low respectively, can not be held to divest plaintiff's title to a one-third interest in said land, yet as W. H. Low's interest in the land exceeded the quantity of land included in these deeds, each of his vendees would be entitled to an interest in the entire tract equal to that conveyed to him, to be taken out of W. H. Low's or his heirs' share in said tract; and if, on final partition of the land between the several owners, the part conveyed each of said grantees can be allotted to him without prejudice to plaintiff's and Liken's interest in the land sued for, the partition should be so made as to award to each of such defendants the specific land deeded to him. Therefore the judgment of the District Court will be affirmed, without prejudice to such interest and right of any of said three defendants.

*Affirmed without prejudice.*

Writ of error refused.