Hester E. Chamberlain v. W. M. Trammell et al.

Decided June 23, 1910.

**1.—Possession—Notice.**

Possession by a tenant was notice of the rights of those under whom the tenant held, though a conveyance from them, void as being an attempted incumbrance of their homestead, was on record. Eylar v. Eylar, 60 Texas, 315, and cases following it distinguished.

**2.—Homestead—Deed—Lien—Innocent Purchaser—Power of Sale.**

A husband joined by his wife conveyed the homestead by a deed, absolute in form but void as constituting an attempted mortgage, reserving a vendor's lien for a purchase money note which he sold to an innocent purchaser. His grantee, carrying out the scheme to fix an incumbrance on the homestead, conveyed the land to another, reserving also a lien for a purchase money note, and this was substituted for the first note in the hands of its holder. He also executed a deed to a trustee with power of sale to secure this substituted note. The holder of the note had constructive notice of the rights of the first grantors by reason of the invalidity of the attempted incumbrance of their homestead at the time this trust deed was executed. The land was sold under the power and bought in by the holder of the note on his debt. Held, that such purchaser, though having a right to enforce the vendor's lien innocently bought, could not claim title as purchaser at the sale under the powers of the trust deed, as against suit of the wife to recover the land as her homestead unlawfully conveyed.

**3.—Power of Sale—Notice.**

A trust deed giving power to sell land after giving notice "as required in

judicial sales," authorizes sale only on the notice required by the law in existence at the time it was executed. The power to sell rests on the contract, and this was not affected by a subsequent change of the law as to the notice required for judicial sales.

**4.—Same—Change in Law.**

A trust deed required notice of sale to be given by the trustee "as required in judicial sales." This notice, at the time, was by advertisement in a newspaper. Subsequently the law was changed by substituting notice posted in public places. With this law in force, a statute was passed requiring all sales of land under such powers to be on notice "as now required in judicial sales." Held, that the parties could contract for such notice in addition to that required by the law as they thought proper; that they had contracted for notice by publication; that this, in addition to that then required by the law, was necessary to the execution of the power of sale.

**5.—Limitation—Recovery of Mortgaged Property.**

An action in trespass to try title to recover the homestead on which plaintiffs had attempted to place an incumbrance under the form of an absolute deed, was an action to recover the land, not one in equity to cancel the deed and redeem, and was not subject to the limitation applicable to the latter form of action.

Error from the District Court of Tarrant County. Tried below before Hon. W. T. Simmons.

*Wm. J. Berne,* for plaintiff in error.—When Mrs. Lousue Moore, as guardian of Worth Moore, advanced the money for the $1,600 note and acquired said note and trust deed securing same, the uncontradicted evidence shows that the Chamberlains had a tenant in actual physical occupancy of the land residing thereon. The occupancy of such tenant was notice to Mrs. Moore, Worth Moore and Luckett of the rights of Mrs. Chamberlain in the land and that the transaction between the Chamberlains and Carson was simulated. Mullins v. Wimberly, 50 Texas, 464; Bright v. Buckman, 39 Fed., 244; Collum v. Sanger, 98 Texas, 162; Ramirez v. Smith, 94 Texas, 184; Le Doux v. Johnson, 23 S. W., 903; 1 Jones, Mortgages, sec. 589; Randall v. Lingwall, 75 Pac., 1; Jinks v. Moppin, 80 S. W., 391; Paris Gro. Co. v. Burks, 99 S. W., 1138.

The burden was on defendants to prove that the sale under the power was advertised as required in the trust deed. Bemis v. Williams, 74 S. W., 332; Davis v. Hughes, 85 S. W., 1161; Williams v. Peyton's Lessee, 4 Wheat., 77; Willard v. Taylor, 8 Wall, 557; Wilson v. Rousseau, 4 How., 646; Johnson v. Blount, 48 Texas, 38; Matthews v. Rucker, 41 Texas, 636; Taylor v. Bland, 60 Texas, 31; Heyward v. Judd, 4 Minn., 483; Smith v. Green, 41 Fed., 455; Bronson v. Kinzie, 1 How., 311; Kerr v. Galloway, 94 Texas, 646; McCracken v. Hayward, 2 How., 608; Robertson v. Paul, 16 Texas, 472; Smith v. Elliott, 39 Texas, 201; Railway Co. v. Durrett, 57 Texas, 51; International, etc., Assn. v. Hardy, 86 Texas, 610; Thompson v. Cobb, 95 Texas, 140; Swain v. Mitchell, 66 S. W., 62; Fischer v. Simon, 95 Texas, 241; James v. Stull, 9 Barb., 482.

If the notice of sale provided by a deed of trust be not given, the sale is void. Childs v. Hill, 49 S. W., 652; Young v. Van Benthuyoen, 30 Texas, 762; Clark v. Burke, 39 S. W., 306; Lerch v. Snyder, 2

Texas Civ. App., 426; 2 Jones Mortgages, sec. 1822; Bomar v. West, 87 Texas, 299; Whitney v. Krapf, 8 Texas Civ. App., 304; Boone v. Miller, 86 Texas, 74; Fuller v. O'Neil, 69 Texas, 350; Bracken v. Bounds, 96 Texas, 204.

*Hunter & Hunter*, for defendants in error.—On new cause of action and on four years limitation, see Railway Co. v. Titterington, 84 Texas, 218; Cooper v. Lee, 75 Texas, 114; Walet v. Haskins, 68 Texas, 418; Garvin v. Hall, 83 Texas, 295; Evans v. Goggan, 23 S. W., 854.

In cases like the one at bar, the fact of plaintiff remaining in possession is not notice to purchaser of note, of any sham, fraud or pretended sale, and such possession does not put purchaser upon inquiry. Eylar v. Eylar, 60 Texas, 318; Hurt v. Cooper, 63 Texas, 365; Heidenheimer v. Stewart, 65 Texas, 323; Love v. Breedlove, 75 Texas, 652; Alston v. Cundiff, 52 Texas, 465; Ranney v. Miller, 51 Texas, 263; Ramirez v. Smith, 94 Texas, 191.

Defendants proved that three notices were duly posted, as required by law. The law did not require the giving notice in writing to the owner of the land, before sale under deed of trust. Deed of trust was executed February 3, 1894. Sayles Civ. St., art. 2369, Act of 1889. This article supersedes the language of the contract on the notice required. Fischer v. Simon, 95 Texas, 234; Swain v. Mitchell, 66 S. W., 61-2; Marston v. Yaites, 66 S. W., 869; Georgi v. Juergen, 66 S. W., 873.

WILLSON, CHIEF JUSTICE.—As commenced by a petition filed April 10, 1906, the suit was an ordinary one of trespass to try title. It was brought by plaintiff in error, the widow of Wm. Chamberlain, deceased, against W. M. Trammell, A. P. Luckett, Lousue Moore and Worth Moore, defendants in error. The land in controversy was a tract of 106 acres in Tarrant County, which plaintiff in error and Wm. Chamberlain in his lifetime, by an instrument purporting to be an absolute deed with covenants of general warranty, dated December 20, 1892, and filed for record January 6, 1893, had conveyed to B. K. Carson. The consideration for the conveyance, as recited in the instrument, was $3,000 paid to the Chamberlains, and the execution and delivery to them by Carson of his promissory note for $1,500, payable twelve months after its date to the order of said Wm. Chamberlain. The vendor's lien was expressly retained to secure the payment of the note. At the time the deed was made the Chamberlains resided upon the land as their homestead. Evidence heard on the trial was sufficient to support a finding that no part of the $3,000 recited in the deed to have been paid by Carson was in fact paid by him, and that the conveyance to him was a device resorted to to enable Wm. Chamberlain to borrow money to pay debts he owed and secure its repayment by a lien on the homestead, and was not intended by the parties to it to so operate as to pass an absolute title to the land to Carson. At once after it was executed the note mentioned was endorsed by Carson (Chamberlain) and sold to defendant in error Lousue Moore. The evidence was conclusive that if the transaction between the Chamberlains and Carson was other than on the face of the deed it appeared to

be, Mrs. Moore had no notice of the fact. By his deed dated February 3, 1894, and filed for record March 12, 1894, containing covenants of general warranty, Carson conveyed the land to defendant in error Trammell. The consideration for this conveyance, as recited in the deed, was the payment by Trammell of $3,000 and the execution and delivery by him and said Wm. Chamberlain of their promissory note for $1,600, payable to the order of said Carson twelve months after its date. The vendor's lien was expressly retained on the land to secure the payment of this note. Immediately after it was executed the $1,600 note was endorsed by Carson and so assigned to Lousue Moore to hold in place and stead of the $1,500 note executed by Carson, which was cancelled; and within a short time thereafterwards same was assigned by her to her son, defendant in error Worth Moore, then a minor and her ward, she having qualified as his guardian. At the time, to wit, said February 3, 1894, Carson conveyed the land to Trammell, the latter, by a deed of the same date, conveyed same to defendant in error Luckett, in trust to further secure the payment of said $1,600 note. Evidence was heard on the trial sufficient to support a finding that Trammell paid no part of the $3,000 recited in the deed to him from Carson to have been paid by him, and that the conveyance to him from Carson was intended to operate only to pass the legal title to the land to him (Trammell) to hold for the Chamberlains. Evidence also was heard sufficient to support a finding that at the time of the transaction between Carson, Trammell and Wm. Chamberlain, the Chamberlains by tenants were in actual possession of the land. By the terms of the trust deed from Trammell to Luckett, in the event default should be made in the payment of said $1,600 note, Luckett was authorized to sell the land to the highest bidder therefor, after giving notice of such sale "as required in judicial sales," and apply the proceeds of such sale to the payment of the note. May 6, 1902, Luckett, as trustee, sold the land to said Worth Moore, the highest bidder therefor, who paid the amount of his bid, $1,500, by crediting same on said note for $1,600. By his deed dated May 7, 1902, Luckett, as trustee, conveyed the land to said Worth Moore as the purchaser at said sale. Notice of the sale made by the trustee was not given by advertising in a newspaper, but only by posting it in three public places in Tarrant County.

The trial court peremptorily instructed the jury to return a verdict in favor of the defendants in error. This appeal is from a judgment rendered in accordance with such a verdict.

*After stating the case as above.*—If the instrument in form an absolute deed conveying the land to Carson, was not intended by the parties to it to so operate, but was intended to have effect merely as security for money to be obtained by the Chamberlains on the faith of it, it was, as between such parties, void, as an attempt to create a lien against the homestead of the Chamberlains. Const., sec. 50, art. 16; Love v. Breedlove, 75 Texas, 649, 13 S. W., 222. But, though it may have been void as between the parties to it, in determining the rights of Mrs. Moore as the holder of the $1,500 note, it should be treated as valid, because she purchased the note without notice of the invalidity of the transaction, relying upon the fact that the title was

as it was declared to be by the deed of the former to the latter. She had a right, in the event default was made in the payment of the note, to have the vendor's lien foreclosed and the land sold in satisfaction of the debt, notwithstanding the instrument as between the parties to it may have been void. Hurt v. Cooper, 63 Texas, 366; Heidenheimer v. Stewart, 65 Texas, 323; Graves v. Kinney, 95 Texas, 214. We do not understand plaintiff in error to controvert this; nor do we understand her as asserting that Mrs. Moore's position was different as the holder of the $1,600 note executed by Trammell and Wm. Chamberlain and substituted in her hands for the $1,500 note—except as to $100 thereof claimed to be usurious; nor do we understand her as asserting that Worth Moore, as the owner of the $1,600 note by assignment thereof from Mrs. Moore, was not entitled to have the vendor's lien retained to secure its payment foreclosed and the land sold to satisfy any sum justly and legally due thereon. Denecamp v. Townsend, 33 S. W., 255; Lippencott v. York, 86 Texas, 276, 24 S. W., 277; Watkins v. Sproull, 8 Texas Civ. App., 427, 28 S. W., 352. We understand her contention to be (1) that while Mrs. Moore, as an innocent purchaser of the $1,500 note and holder of the $1,600 note substituted in her hands therefor, and Worth Moore as her assignee, respectively were entitled while owners of the debt represented by the notes, to have the deed to Carson treated as conveying, as it purported to, an absolute title to the land to Carson, and therefore were entitled to a foreclosure of the vendor's lien, if necessary to enforce payment of the debt, they were not entitled to have the land sold under the trust deed, because chargeable with notice at the time it was made that she (plaintiff in error) claimed that the deed to Carson was not what it purported to be, but was intended to be and was only a mortgage; and (2) that if, as the owner of the $1,600 note, Worth Moore was entitled to have the land sold under the trust deed, the sale thereof made by Luckett was unauthorized and void, because notice thereof was not given as required by the terms of the trust deed.

We are of the opinion that it should be held, if the Chamberlains by tenants were in actual possession of the land at the time the deed in trust to Luckett was made, that Mrs. Moore and her ward and assignee Worth Moore were chargeable with notice of the fact that they (the Chamberlains) claimed the land to be their homestead and the deed to Carson to have been intended to operate merely as a mortgage. The general rule is that possession is notice of whatever title the possessor has. We do not think the facts appearing in the record before us require us to hold that this case is within the exception to that rule established by the decision of the Supreme Court in Eylar v. Eylar, 60 Texas, 315, and cases following it. In the Eylar case the vendor remained in possession after the deed to his vendee had been placed of record. The purchaser from the vendee finding the deed to the latter spread upon the record, made no inquiry to ascertain whether the vendor then in possession was claiming a right or title to the land or not. The Supreme Court held that the possession of the vendor put the purchaser on inquiry, but that he was not bound to prosecute the inquiry further than the record, when he found there a declaration "by the very persons in possession" that the vendee was the "true and

absolute owner of the land." In this case the vendors were not occupying the land at the time the trust deed was executed. They were in possession of it by tenants. If the parties claiming rights under the trust deed made any examination of the record at the time it was executed it does not so appear from the record on this appeal. If they had made such examination they would not have found there a declaration "by the very persons in possession" of the land that Trammell the maker of the trust deed was the owner of the land. The Chamberlains never declared, of record or otherwise, that Trammell was the owner of the land. This case is, therefore, distinguishable from the Eylar and like cases, and we see no reason why the general rule should not be held to have been applicable to it. Paris Grocery Co. v. Burks, 99 S. W., 1138; Jinks v. Moppin, 80 S. W., 391; Ramirez v. Smith, 94 Texas, 191; Collum v. Sanger Bros., 98 Texas, 162; Le Doux v. Johnson, 23 S. W., 903; Randall v. Lingwall, 43 Ore., 383, 75 Pac., 1; Texas Loan Agency v. Hunter, 13 Texas Civ. App., 402, 35 S. W., 403; Bennett v. Robinson, 27 Mich., 29; Bumpas v. Zackary, 34 S. W., 672.

We are of the opinion that the other contention made by plaintiff in error also should be sustained. By the terms of the trust deed the authority of the trustee was to sell after giving notice of the sale "as required in judicial sales." The notice required by the law then in force to be given of a judicial sale was by an advertisement in a newspaper published in the county where the sale was to be made. Gen. Laws 1893, p. 11. The notice given by the trustee was by posting in public places in Tarrant County, as was required in making judicial sales by the law in force at the time it was made. Gen. Laws 1895, p. 168; Salyes' Stat., art. 2366. We think it should be held that the notice the maker of the trust deed contracted for was a notice to be given in the way the law in force at the time it was made required notice to be given of a judicial sale. Presumably he was acquainted with the requirements of the law then in force with reference to such sales and had same in mind when he stipulated for the notice. He could not have known what would be the requirements of the law in force at the time a sale might be made under the trust deed, and therefore with reason could not be said to have contemplated such notice as it might then require. For his protection in the event a sale of the property should be made under the trust deed, the maker thereof had a right to stipulate for such notice thereof, before a sale should be made, as he might choose to have given, and he had a right to expect that the notice he stipulated for would be given. The power to sell conferred by a trust deed upon the trustee is an extraordinary one, and in making a sale the trustee must pursue its terms strictly. "If the property is to be sold in a certain place at a certain time, or in a certain manner, as at private sale or public auction, with the consent or at the request of certain persons, these details must be literally followed and carried out, because the owner of the property has so provided. The details may appear frivolous and unimportant, but the maker of the deed saw proper to guard and protect his property by means of them, and for that reason they become important and essential." Boone v. Miller, 86 Texas, 80; Building and Loan Association v. Hardy, 86 Texas, 610. Defendants in error insist that the Act 1889,

Sayles' Stat., art. 2369, "supercedes the language of the contract on the notice required." Said Act 1889 declared that "all sales of real estate made in this State under powers conferred by any deed of trust or other contract lien shall be in the county in which such real estate is situated. Notice shall be given as now required in judicial sales," etc. The notice required to be given of a judicial sale at the time the Act took effect was by posting in public places. Construing the Act, the Supreme Court held that "the Legislature meant to provide that in all sales under trust deeds, and the like, made after the Act became operative, notice should be given as required by the laws for judicial sales existing at that time; and the effect was to incorporate the law as to notice as to sales under execution in the Act itself, and to make such laws a part thereof." Fischer v. Simon, 95 Texas, 234. We see no reason why the parties to the trust deed should not have contracted for such notice to be given of a sale by the trustee, in addition to that required by said Act of 1889, as they thought proper; and they having, as we think, done so, we see no reason why it should not be held that the trustee before undertaking to exercise the power conferred by the deed in addition to giving the notice required by the Act of 1889, must have given the notice by advertising in a newspaper, required by the stipulations in the trust deed. The requirement in the trust deed as to the notice to be given was not in the least inconsistent with the requirement of the Act of 1889 as to notice.

It is apparent from what we have said that we are of the opinion that the contention of defendants in error that the suit was one in equity to cancel the deed to Carson for fraud and redeem the land, and therefore was barred by the statute of limitations, should not be sustained. If the conveyance to Carson was intended by the parties to operate as a mortgage, it was not voidable, but was absolutely void. Therefore, the authorities relied upon by defendants in error (to wit Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Texas, 218; Cooper v. Lee, 75 Texas, 114; Walet v. Haskins, 68 Texas, 418; Garvin v. Hall, 83 Texas, 295; and Evans v. Goggan, 5 Texas Civ. App., 129, 23 S. W., 854) are not believed to be entitled to weight in determining the rights of the parties to the appeal.

The judgment will be reversed and the cause will be remanded for a new trial.

*Reversed and remanded.*

Application for writ of error was dismissed by the Supreme Court.