### SPERRY v. MOODY et al.    (No. 2982.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 30, 1924. Rehearing Denied Feb. 19, 1925.)

**1. Vendor and purchaser 242—Instruction placing burden on purchaser from fraudulent grantee to prove good faith held erroneous.**

In suit to cancel recorded deed for fraud and to quiet grantor's title, where grantee had conveyed to another, instruction placing burden on purchaser from grantee to prove that he purchased without notice of the fraud, *held* erroneous.

**2. Vendor and purchaser 242—Grantor has burden to prove that purchaser from grantee knew of latter's fraud.**

In contest between grantor and purchaser from grantee, who had procured conveyance by fraud, grantor has burden of proving that purchaser had notice of former's equitable right at time he acquired legal title. ·

**3. Appeal and error 1064(1)—Instruction placing burden of proving good faith on purchaser from fraudulent grantee reversible error, though grantor had remained in possession.**

In suit to quiet grantor's title to land, where grantee who had procured conveyance by fraud, had conveyed to another, instruction putting burden on purchaser from grantee to prove good faith *held* reversible error, though fact that grantor remained in possession was sufficient to put purchaser on inquiry, where latter did make inquiry which disclosed duly recorded deed from grantor to grantee.

On Appellees' Motion for Rehearing.

**4. Vendor and purchaser 232(5, 6)—Examination of recorded deed sufficient inquiry by purchaser from grantee whose grantor remains in possession.**

Rule that purchaser from grantee, whose grantor remains in possession, need not inquire further as to title when he finds on record deed conveying title to grantee, is satisfied by examination of deed after it has been recorded, though there was no examination of records.

Willson, C. J., dissenting. .

Appeal from District Court, Lamar County; Newman Phillips, Judge.

Suit by Caroline E. Moody and another against Clarence Sperry and others. From a judgment for plaintiffs, defendant Clarence Sperry appeals. Reversed and remanded.

Appellee Caroline E. Moody owned a parcel of land in Paris, Tex., in her own separate right, and with her husband, appellee Frank J. Moody, resided on and used same as their homestead. On January 20, 1922, the Moodys entered into a contract (in writing) with one David Glueck, whereby they agreed to purchase certain land in Gary, Ind., and to pay Glueck $4,200 therefor. $1,600 of said sum was to be paid by the conveyance to Glueck of the land in Paris, and the remainder thereof was to be paid in monthly installments of $25, and interest, each. In performance of their undertaking, the Moodys on January 21, 1922, by a deed of that date, conveyed the Paris property to Glueck. The consideration for the conveyance, according to a recital in the instrument, was $1,600 then paid to the Moodys, but, as a matter of fact, nothing was then or ever paid to them, and the real consideration was the undertaking of Glueck to convey the Gary land to them. The deed was duly filed for record in Lamar county on the day of its date. By a deed dated April 1, 1922, Glueck conveyed the Paris land to appellant Clarence Sperry, who, on April 11, 1922, entered into a contract whereby he bound himself on terms specified to sell and convey it to London Moody. In the contract between appellees and Glueck, the latter undertook to build a dwelling house, as specified on the Gary land and then to convey same to the former, but he failed to do so.

This suit was by appellees against Glueck, Sperry, and London Moody. It was to cancel the deed to Glueck for fraud practiced by him on appellees, and to quiet appellees' title to the land. Glueck made no answer to the suit. Sperry and London Moody answered by a plea of estoppel, and that Sperry was an innocent purchaser for value from Glueck, and entitled to protection as such. In a cross-action Sperry sued appellees, as in trespass to try title for the land, and for damages. In response to special issues submitted to them the jury found as follows: (1) That the deed from appellees to Glueck was "procured by fraud on the part of Glueck." (2) That Sperry had notice at the time he purchased and paid Glueck for the land "that Glueck had procured the conveyance" from appellees by fraud. (3) That, contrary to a contention by Sperry, Caroline did not tell him before he bought the land that Glueck

owned it, and that she was soon going to leave it and move to Gary. (4) That London Moody knew when he entered into the contract with Sperry that appellees "were setting up a claim to the property." (5) That the rental value of the property was $10 a month. The appeal is by Sperry alone, from a judgment granting appellees the relief they sought.

A. P. Parks, of Paris, for appellant.

Allen & Baughn, of Paris, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] After instructing the jury that the burden was on appellees to show that they were induced to execute the deed to Glueck by fraud practiced on them, the trial court further instructed the jury that if the execution of that deed was so procured the burden was on Sperry to show that "he purchased the property in good faith, and without notice of such fraud." Sperry excepted to the instruction so far as it placed the burden of proof on him as stated, and insists here that the action of the court in overruling his exception was error which entitled him to a reversal of the judgment.

The legal title to the Paris land was in appellee Caroline Moody it seems. The effect of the deed made by her and appellee Frank Moody to Glueck, and the deed made by Glueck to Sperry, was to pass that title to Sperry. The right (if any) of appellees to the land after they made the deed to Glueck was an equitable one. 27 R. C. L. 693. The rule in this state, as we understand it, is that, in a contest between the owner of such a right and the holder of the legal title, the burden is on the former to prove that the latter had notice of the equitable right at the time he acquired the legal title. Rand v. Davis (Tex. Civ. App.) 27 S. W. 939; Hopkins v. Walters (Tex. Civ. App.) 224 S. W. 516; Laffare v. Knight (Tex. Civ. App.) 101 S. W. 1034; McAlpine v. Burnett, 23 Tex. 649; Catrell v. Brown Hardware Co. (Tex. Civ. App.) 86 S. W. 1045; Phillips v. Webb (Tex. Civ. App.) 40 S. W. 1011; Wallis v. Dehart (Tex. Civ. App.) 108 S. W. 180; Meador v. Hines (Tex. Civ. App.) 165 S. W. 915; Wootton v. Thompson, 119 S. W. 117, 55 Tex. Civ. App. 583; Saunders v. Isbell, 24 S. W. 307, 5 Tex. Civ. App. 513; Hill v. Moore, 62 Tex. 610; Simkins' Equity, 667.

Appellees are of the opinion, it seems, that the rule is to the contrary of the way it is stated above, and they cite several cases as authority supporting their view. But we think only one of the number cited, to wit, Low v. Gray, 61 Tex. Civ. App. 487, 130 S. W. 270, does support it. In that case, as here, it seems, the plaintiff was asserting an equitable right against holders of the legal title, and the court held that the burden was on the latter to prove that they were without notice of the plaintiff's right at the time they acquired such title. The case seems to

269 S.W.—18

be in conflict with cases mentioned above, and to have never been followed or cited, except in Morrison v. Cotton (Tex. Civ. App.) 152 S. W. 866, where it is referred to as authority for the statement that:

"It is settled law in this state that before a vendee can recover as an innocent purchaser he must prove, independent of the consideration recited in the deed, that he paid value for the land, and that he took the same without notice of the fraud, if any."

We understand the rule to be as stated where the contest is between the holder of the legal title under an unrecorded deed, and a subsequent purchaser from the same vendor, but it is subject to an exception, which the court declared, in Peterson v. McCauley, 25 S. W. 826, to be "as well-established as the rule itself," and which exception is stated as follows:

"Where the subsequent purchaser gets the legal title, and another party, holding an equitable title, seeks to oust him, the burden of proof rests on the holder of such equity to show that the subsequent purchaser had notice, actual or constructive, of his equitable title, or such facts as would put a prudent man on inquiry."

[3] Appellees insist, however, that if the burden of proof was on them, the erroneous instruction to the contrary should not operate to reverse the judgment, because, they say, it was harmless, in view of the fact that it appeared that they remained in actual possession of the land, using it as their homestead after they made the deed to Glueck, and were holding such possession thereof at the time Glueck made the deed to Sperry, and at the time London Moody entered into the contract with Sperry. The effect of such possession, they say, as a matter of law, was to charge Sperry and London Moody with notice of their right to the land. There is no doubt such possession put Sperry and London Moody on inquiry as to appellees' right. But Sperry testified that he made inquiry; that he looked to the deed records of Lamar county, and found there duly recorded a deed from appellees to Glueck. It seems, therefore, that the rule recognized in Eylar v. Eylar, 60 Tex. 315, that: "A purchaser (quoting from the reporter's syllabus) from a vendee whose vendor remains in possession is not bound to inquire further as to the title, when he finds on record in the county a deed from such vendor conveying title, properly proved up and registered," is applicable. In Mason v. Olds (Tex. Civ. App.) 198 S. W. 1040, cited by appellees as supporting their contention, the purchaser put on inquiry as Sperry was made no examination of the deed records; and Chamberlain v. Trammel, 61 Tex. Civ. App. 650, 131 S. W. 227, another case cited by appellees, in its facts was also unlike Eylar v. Eylar.

As we think the instruction complained of was erroneous, and materially so on the rec-

ord as presented here, we cannot do otherwise than reverse the judgment.

Other contentions presented by assignments in appellant's brief, to the effect that findings made by the jury were without support in the testimony, are overruled.

The judgment is reversed, and the cause is remanded for a new trial.

### On Appellees' Motion for Rehearing.

[4] The statement in the opinion disposing of the appeal that it appeared from Sperry's testimony as a witness that he made inquiry before purchasing the land of Glueck, to ascertain by what right appellees had possession of it, is attacked in the motion as unwarranted by anything in the record. The statement was based on testimony of Sperry, which we think justified it, as follows:

"I did examine the record in connection with this piece of property, and in connection with the sale of it to Glueck. In my examination of the record I saw the consideration, the description of the property, the deed and everything. I did see the deed, it was duly executed and recorded, from Frank and Egerzine Moody. After seeing this deed and after talking to Egerzine I purchased this property and paid my money for it. I did not know at that time what the details of the contract between Frank and Egerzine Moody and Mr. Glueck were. I never heard of that contract until this suit was filed."

However, the testimony set out, so far as it was that the inquiry made by Sperry consisted of an examination of the deed records of Lamar county, was modified by other testimony he gave on his cross-examination showing that the information he had about the deed from appellees to Glueck was not obtained from said records, but from the deed itself after it was recorded, and from an abstract of the title including it, which he examined before he purchased the land.

We see no reason why the rule announced in Eylar v. Eylar, 60 Tex. 315, stated in the opinion disposing of this appeal, did not apply as well where the inquiry by the purchaser extended no farther than an examination of the original deed from the grantor remaining in possession after it was recorded, as when it extended no farther than an examination of the record of that deed. The reasons given for the holding in the case cited apply as strongly to the one state of facts as to the other. Hence, we think the conclusion reached by this court, that it did not appear as a matter of law that Sperry had notice of the fraud practiced by Glueck upon appellees, was not incorrect.

But if we thought otherwise no change would be made in the disposition of the appeal, for further consideration of the record has convinced a majority of the members of the court that Sperry's contention that the testimony did not warrant the finding of the jury that he had notice at the time he purchased and paid Glueck for the land "that Glueck had procured the conveyance" from appellees by fraud, should be sustained. The testimony relevant to that issue established, the jury might have said, that appellees conveyed the land to Glueck January 21, 1922; that the consideration, in part, for the conveyance was a lot in Gary, Ind., and a house to be built thereon by Glueck; that the house had not been built nor the lot in Gary conveyed to appellees April 1, 1922, when Glueck conveyed the Paris property to Sperry, and that Sperry knew it; that another part of the consideration to appellees for the conveyance to Glueck was a right they reserved to continue the occupancy and use of the premises in controversy as their home, until Glueck had complied with his undertaking to build and turn over to them a house as specified on the lot in Gary; that Sperry knew that appellees had reserved such a right at the time he purchased the Paris property from Glueck; and that said Paris property was worth $1,500, whereas Glueck sold it to Sperry for $400. The writer is not satisfied that the testimony referred to did not support said finding. In appellees' petition, fraud on Glueck's part was predicated on the charge that he never intended to comply with his undertaking to build a house on the lot, and then convey same to appellees. There was no finding by the jury that Glueck was guilty of fraud as charged, but the judgment involves a finding by the court that he was. It seems to the writer that if Glueck was guilty of such fraud the jury had a right to conclude from the testimony referred to that Sperry was chargeable with notice of the fact.

The motion is overruled.