CHARLES F. BOGART v. L. B. MOODY.

Decided February 27, 1904.

**1.—Innocent Purchaser—Patent—Investigating Title.**

Purchasers of land need not go behind the patent in their investigation of title unless put upon inquiry by some extraneous fact or by the recitals in the patent or some subsequent link in their chain of title. Wimberly v. Pabst, 55 Texas, 592.

**2.—Cases Distinguished.**

Sickles v. White, 66 Texas, 179; Browning v. Pumphrey, 81 Texas, 163; Dodge v. Litter, 73 Texas, 319, distinguished.

**3.—Deed—Delivery—Acknowledgment.**

The rule that in the absence of other proof of delivery a deed is presumed to have been delivered on the date of its acknowledgment rather than on the date affixed to the instrument itself is but declaratory of the force of circumstances to establish the date of delivery, and is therefore absolute only when there is no other proof bearing on the issue of delivery.

**4.—Same.**

Deed bearing two acknowledgments of different dates, presumed, under circumstances stated in opinion, to have been delivered and to have taken effect from the date of the first rather than of the later acknowledgment.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*Coleman & Abbott,* for appellant.

*L. B. Moody,* for appellee.

GILL, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by L. B. Moody against Charles F. Bogart for the recovery of certain lands in Harris County. A trial before the court without a jury resulted in a judgment for Moody and Bogart has appealed.

The plaintiff deraigned title through and under Daniel D. Culp, assignee and patentee as follows:

Date of patent June 6, 1844, filed for record April 20, 1846. Deed from Culp to John Shackelford, Jr., dated May 1, 1846, and filed for record February 4, 1854, expressing a paid consideration of $1000. To this deed there are two certificates of acknowledgment, the first made in due form by H. C. Thompson, chief justice and ex officio notary public of Harris County of date May 1, 1846. The second also in due form before E. P. Hunt, notary public of Galveston County, Texas, of date February 5, 1852. There is no direct evidence of the date of the delivery of this deed, nor does the record furnish any explanation of the presence of the two certificates of acknowledgments, each reciting the personal presence of Culp, the maker of the deed.

A deed from Shackelford to Dennis Perkins, dated and recorded February, 1854. Heirs of Dennis Perkins to Henry C. and Geo. D. Perkins, dated April, 1873, and recorded January, 1874. H. C. and G. D. Perkins to L. B. Moody, February 3, 1903, recorded January 5, 1903. Moody was an innocent purchaser for value.

Defendant proved a deed from D. D. Culp to Augustus C. Daws, dated March 28, 1849, filed for record and recorded March 28, 1849, reciting a paid consideration of $500 and connected himself by mesne conveyances with the deed to Daws.

Defendant also claimed under the heirs of Jno. R. Sleeper and showed himself the owner and holder of such title as they had. These heirs parted with such title as they had by deeds dated February and May, 1899. Evidence adduced by defendant showed that the certificate under which the land was located was issued to Samuel L. Williams, August 10, 1836. Written assignment in due form from Williams to John R. Sleeper, February 20, 1837.

John R. Sleeper died September 8, 1838, possessed of the certificate. Administration on his estate was taken out in the probate court of Harris County and under a void probate order the certificate was sold by the sheriff at execution sale, was purchased by Culp, and duly assigned to him by the sheriff. This assignment was in writing and disclosed upon its face the want of authority in the sheriff to make it. This transaction occurred in December, 1843, and the void assignment together with the previous assignment from Williams to Sleeper constitute a part of the records of the General Land Office and were kept in the particular file of which the certificate was a part. The land was located in May, 1844.

It does not appear that the heirs of John R. Sleeper ever asserted claim to the land in question except in so far as their deeds of 1899 may be considered as such, and this notwithstanding the administration upon the Sleeper estate remained open until 1850. The land is and has ever been unoccupied.

Under his plea of not guilty defendant seeks to defeat the plaintiff's claim under the following contentions:

1. For the reason that Daniel D. Culp procured the patent under a void assignment he took and held the legal title in trust for the heirs of Sleeper, and the invalidity of the assignment being manifest upon the face of the archives of the Land Office, purchasers under Culp will be conclusively presumed to have bought with notice of the trust.

2. In the absence of evidence of the date of the delivery of the deed from Culp to Shackelford, Jr., it is presumed to have been delivered at the date of the last acknowledgment, and this being subsequent to the execution and record of the deed from Culp to Daws, the legal title is in the claimants under Daws, and Shackelford having bought with constructive notice of the Daws deed, plaintiff has no standing in court.

The defendant contends that the judgment should be affirmed, because (1) he claims under an innocent purchaser for value without notice of the rights of the Sleeper heirs; (2) that the appellant's demand is stale as against the resulting trust created in Culp by reason of the facts; (3) that the claim under the Daws deed is not supported by proof of purchase for value and want of notice.

It seems to be fairly well settled in this State that purchasers of land

need not go behind the patent in their investigation of title unless put upon inquiry by some extraneous fact or by the recitals in the patent or some subsequent link in their chain of title. We quote the following from Wimberly v. Pabst, 55 Texas, 592:

"To the public generally a patent to land having been issued by the State carries with it a high degree of faith and credit as the beginning link in the legal chain upon which all after-acquired title can securely depend. When, therefore, a subsequent purchase is made upon the faith of a patent, regular upon its face, public policy requires that it should constitute an important element in the question of the good faith of the transaction and should turn the scales in its favor, except in case of actual notice or when the law would impute constructive notice of some defect sufficient to defeat it."

The court remarks further: "Whatever may be the rule as to the immediate patentee, we are clearly of opinion that public convenience and the free alienation and security of our land titles demand that a purchaser for value from or under him should not be chargeable with constructive notice by the patent of latent defects in the transfer of the certificate upon which it is issued when there is nothing in the face of the patent which would put a prudent man upon such inquiry as would lead to notice of those facts."

In the case cited a divorced wife sued for her interest in lands located under a 640-acre certificate issued to her husband by virtue of their marriage and therefore community property. The husband sold the certificate and a second assignee located it on 320 acres of land. Thereafter patent issued to the assignee, who sold to an innocent purchaser. It thus appears that the same question here presented was presented in that case, and the court held in effect that the purchaser after patent was neither constructively affected with notice of the character of the original certificate, nor did the recital in the patent that it was issued to an assignee put him upon inquiry. In that case, had inquiry been prosecuted, the original certificate would have disclosed the wife's community interest because issued for 640 acres, but it was held that as the patent conveyed only 320 acres, the amount patentable to a single man, the purchaser was not put upon inquiry.

The case is thus seen to be decisive of the question at issue, for here, as in that case, there is nothing in the patent to put the purchaser upon inquiry, save the recital that the patentee Culp was an assignee of the certificate.

The case of Durst v. Daugherty, 81 Texas, 650, is authority for the proposition. We quote from the opinion the following apposite expression: "A purchaser from Woodlief [the patentee, the ownership of the certificate being in another] in the absence of notice to the contrary, need not extend his examination * * * beyond the patent. He can safely consider that the real title is in whom it is apparently vested."

The case of Sickles v. White, 66 Texas, 179, and Browning v. Pum-

phrey, 81 Texas, 163, hold it to be a question of notice in fact and not of constructive notice.

The cases relied on by appellant in support of his contention as to the effect of the archives of the Land Office on the issue of notice arose on contests as to the ownership of certificates before the issuance of patent, and while they partook of the nature of personalty, and are not in point for that reason. See Dodge v. Litter, 73 Texas, 319.

The question of the extent to which the rights of the parties are affected by the Daws deed will be disposed of without extended discussion. It is not questioned that if the deed from Culp to Shackelford was delivered before the execution and delivery of his deed to Daws, the appellee holds the legal title as a claimant under the Daws deed. In such case the latter can prevail only upon a showing that Daws bought for value without notice of the Shackelford conveyance.

In the absence of other proof of delivery a deed is presumed to have been delivered on the date of its acknowledgment rather than on the date affixed to the instrument itself. Kent v. Cecil, 25 S. W. Rep., 715. Appellant contends that under this rule the last acknowledgment to the Shackelford deed must control. The rule itself is but declaratory of the force of circumstances to establish the date of delivery, and is, therefore, absolute only when there is no other proof bearing on the issue of delivery. Here the rule is not conclusive because there are two acknowledgments of different dates. After this great lapse of time it will not do to presume that the grantor acknowledged the Shackelford deed, retained it for six years, and finally consummated the sale according to its original terms. We should seek for a more probable solution. That the deed was delivered upon its first acknowledgment, and its validity being questioned, another was subsequently procured, is an explanation which is not only fair and reasonable but which is suggested by the facts at first glance, and certain other incidental facts strengthen this conclusion. The patent was filed for record April 20, 1846. The Shackelford deed was dated May 1, 1846, just ten days later. The first acknowledgment was of that date. The nearness of these three dates suggests that the record of the patent was a step in the preparation of the title looking to the consummation of the trade.

Whether the case be considered from the standpoint of Sleeper or of Culp as common source, the appellant is asserting an equitable title against the legal title of appellee.

Under Sleeper it devolved on appellant to show that appellee was not entitled under the facts to the protection accorded an innocent purchaser.

Under Daws it devolved upon appellant to show by proof other than the recitals in his deeds that he held under an innocent purchaser for value. Turner v. Cochran, 2 Texas Ct. Rep., 309. Neither of these burdens has been discharged nor has any valid reason been shown for the reversal of the judgment. It is therefore in all things affirmed.

*Affirmed.*

Writ of error refused.