## J. S. Brown Hardware Company v. T. E. Catrett et ux.

### Decided March 30, 1907.

**1.—Consideration—Judgment Lien—Release.**

The release of a judgment lien which had attached to land by reason of the record of an abstract of the judgment, is a valuable consideration.

**2.—Homestead—Deed as Mortgage—Innocent Purchaser.**

Where a husband and wife execute an absolute deed to a part of their homestead, intending it as a mortgage, a purchaser of the same from the grantee or mortgagee for a valuable consideration without notice of the facts, will take title to the same as against the husband and wife.

**3.—Remanding Cause.**

Where it is apparent that the evidence upon a material issue has not been fully developed, upon reversing the judgment of the trial court the cause will be remanded for a new trial, and judgment will not be rendered for the appellee.

**4.—Holder of Legal Title—Burden of Proof.**

Where, in trespass to try title, the plaintiff has the legal title to the property in controversy the burden of proof is on the defendant holding an equitable title to show that the plaintiff purchased with notice of his equity, or did not pay value.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Jackson & Gordon, A. D. Lipscomb* and *G. P. Dougherty,* for appellant.—In an action of trespass to try title where one party holds the legal title and the other asserts a secret equitable title not disclosed by the record title to the property, the burden of proof is upon the party asserting the equitable title to show that the party holding the legal title acquired such title with notice of the outstanding equitable title or that the holder of the legal title did not pay a valuable consideration for the same. McAlpine v. Burnett, 23 Texas, 650; Biggerstaff v. Murphy, 22 S. W. Rep., 768; Goddard v. Reagan, 28 S. W. Rep., 352; Turner v. Cochran, 61 S. W. Rep., 923; Catrett v. J. S. Brown Hardware Company, 86 S. W. Rep., 1045; Lewis v. Cole, 60 Texas, 341.

*Matt Cramer,* for appellees.—The credibility of a witness is a question to be weighed and determined by the jury and they are not bound to believe him, though he is unimpeached.   Coats v. Elliott, 23 Texas, 613; Stitzle v. Evans, 74 Texas, 600; Franklin Life Ins. Co. v. Villeneuve, 68 S. W. Rep., 206.

PLEASANTS, Associate Justice.—This is an action of trespass to try title brought by appellant against the appellees.   The property in controversy is a lot in the city of Beaumont.   Plaintiff claims under a deed executed by the defendants conveying the lot to J. A. Reynolds. The defendants answered that this deed was intended as a mortgage to secure the payment by them to Reynolds of $500 which they had agreed to pay him in consideration of the sale to them of a certain patent right owned by said Reynolds, and that said mortgage was void because the property was a part of defendants' homestead and also because the execution of said instrument was obtained by fraud and false representations on the part of said Reynolds.   They further aver that plaintiff had notice of their claim when it procured the deed from said Reynolds conveying the property to it and that it paid no value therefor. In reply to this answer plaintiff denied all of the averments therein contained and alleged that it purchased the property for value and without notice of defendants' claim.   The case was submitted to a jury in the court below upon special issues, and upon the return of the verdict found by the jury, judgment was rendered in favor of the defendants.

This is the second appeal of the case.   The opinion of this court on the former appeal is reported in 86 S. W. Rep., 1045.   There is evidence in the record sufficient to sustain the findings of the jury that the deed from defendants to Reynolds was intended as a mortgage and that it was obtained by fraud and false representations.   The undisputed facts show that at the time said instrument was executed the property constituted a part of defendants' homestead.   The finding that the plaintiff purchased the land without notice of defendants' claim is also sustained by the evidence.

The only consideration paid by plaintiff for the conveyance to it by Reynolds was the satisfaction and discharge of a judgment held by it against him, and the release of the record of an abstract of said judgment which had been duly filed by plaintiff in Jefferson and Van Zandt Counties.   Upon the former appeal we held that the release of the record of the judgment abstract was not a valuable consideration unless it was shown that Reynolds owned land to which the lien created by such record had attached.   To meet this ruling the plaintiff upon the last trial attempted to show that Reynolds owned property in Van Zandt County subject to execution and to which the judgment lien had attached at the time it was released by plaintiff.   Reynolds testified that at the time he conveyed the property in controversy to plaintiff he owned land in Van Zandt County in addition to his homestead and which was not used for homestead purposes, of the value of five or six hundred dollars.   This testimony was not directly contradicted by any evidence in the record, and the finding of the jury that Reynolds did

not, at the time mentioned, own any land in Van Zandt County subject
to execution can not be sustained.

If as a matter of fact plaintiff had acquired a lien upon property
of Reynolds by the record of its abstract of judgment, the release of
such lien would constitute a valuable consideration for the conveyance of
the property in controversy, and having obtained such conveyance
without notice of defendants' claim it acquired title thereby. We think
the assignment of error complaining of the verdict on the ground that
it is not sustained by the evidence upon the issue of whether plaintiff
was a purchaser for value should be sustained.

Whether or not Reynolds owned property, at the time he conveyed
the lot in controversy to plaintiff, upon which plaintiff had acquired
a lien by the record of its judgment in Jefferson and Van Zandt
Counties, was the vital issue in the case in view of the other findings
of the jury, and the finding upon that issue being against the evidence
the judgment based thereon must be reversed.

While the statement of Reynolds that he owned property in Van
Zandt County subject to execution is uncontradicted there are circum-
stances shown by the evidence which cast suspicion upon his testimony.
Whether he did or did not own property as claimed by him is a fact
susceptible of easy and definite proof, and it is apparent that the evi-
dence upon that issue was not fully developed upon the trial, and there-
fore judgment should not be here rendered, but the cause remanded
for a new trial.

The findings of the jury upon special issues 2a and 2b are clearly
contradictory, and if the judgment in favor of defendants was de-
pendent upon the verdict of the jury upon either of said issues it could
not be sustained. (San Antonio & A. P. Ry. Co. v. Bowles, 30 S. W.
Rep., 89.) But the finding in favor of the defendants upon the issue
of fraud and misrepresentation on the part of Reynolds, renders the
contradictory findings upon the issue of whether the deed to him from
defendants was intended as a mortgage or a sale of the property,
immaterial.

The court erred in instructing the jury that the burden was upon
plaintiff to show that it purchased the land for value and without
notice of defendants' claim. Plaintiff having purchased the legal title
the burden was upon defendants to show that it purchased with notice
of their equity or that it did not pay value for the property. (Mc-
Alpine v. Burnett, 23 Texas, 650; Lewis v. Cole, 60 Texas, 341; Turner
v. Cochran, 61 S. W. Rep., 923.) This rule was expressly recognized
in our former opinion in this case. As stated in that opinion we think
this burden was *prima facie* discharged by the showing that the con-
sideration paid by plaintiff was the satisfaction of a judgment held by
it against the vendor, and that this *prima facie* showing that plaintiff
had not paid value for the property was not rebutted by the mere
showing that an abstract of the judgment had been recorded and that
the release of such record was a further consideration given for the
conveyance to plaintiff, but in order to constitute the release of the
judgment record a valuable consideration it must be shown that the
judgment debtor owned land to which the judgment lien had attached.

Several of the special issues submitted to the jury are in effect

duplicates of each other and several submit issues not 'raised by the evidence, or rather submit as issues facts established by the uncontradicted evidence. While the jury was not probably misled by the manner in which the issues were submitted to them, upon another trial these formal errors should be guarded against.

No other errors are presented by the assignments which require our notice.

For the reasons indicated the judgment of the court below is reversed and the cause remanded.          .

*Reversed and remanded.*

Writ of error dismissed.