B. F. PEOPLES ET AL. v. FANNIE EVANS ET AL.

Decided April 14, June 24, 1908,

1.—Appeal—Briefs.

An appeal will not be dismissed for failure of appellant to file briefs within the time required where appellee cannot be prejudiced by the delay, as where the case cannot be reached for submission at that term of the court.

2.—Statement of Facts.

An appeal will not be dismissed because the original statement of facts is not sent up with the record, as required by the Act of May 25, 1907, but is copied in the transcript, where, in answer to the motion to dismiss, the original statement is filed within the time permitted for filing the transcript.

**3.—Same.**

A statement of facts not in narrative form, as required by the statute, but largely in the form of question and answer, will be struck out on motion.

#### · ON MOTION FOR REHEARING.

**4.—Same.**

A statement of facts prepared from stenographer's notes under the Act of May 25, 1907, must comply with that law, whether the court from which the appeal is taken has or has not an official stenographer.

**5.—Same.**

A statement of facts prepared under the Act of May 25, 1907, is required to be in narrative form, and all laws permitting the evidence to be given by question and answer are repealed by that Act. This law cannot be departed from for the purpose of emphasizing certain testimony or showing the bias of the witness.

Appeal from the District Court of Milam County. Tried below before Hon. J. C. Scott.

The opinions published were delivered upon motions by appellee to dismiss the appeal and to strike out the statement of facts, and upon appellant's motion for a rehearing upon the ruling striking out the statement. Rehearing having been denied, the appeal was dismissed by agreement on November 25, 1908.

*Etheridge & McCormick* and *Freeman & Morrison,* (for appellees) in support of motions.—The purported statement of facts was prepared by appellants' counsel and agreed to by appellees' counsel, and it is not a case even in which the parties disagreed and the duty of preparing the statement of facts devolved upon the judge, but it is a case wherein the parties have seen fit to deliberately ignore the positive requirements of the statute and to proceed in palpable and flagrant disregard of its mandatory provisions. Act of May 25, 1907, Laws, 30th Leg., 509; Rule 78, Supreme Court, 94 Texas, 678; Caswell v. Hopson, 43 S. W., 547; Brown v. Vizcaya, 54 S. W., 636; Wentworth v. King, 49 S. W., 696; Texas Central R. Co. v. Flanary, 45 S. W., 214; Juergens v. M., K. & T. Ry. Co., 16 Texas Civ. App., 452; Opperman v. Petri, 107 S. W., 1142.

*M. J. Moore, W. T. Hefley* and *Henderson & Lockett* (for appellants) contra.—Said statement is and was prepared in substantial compliance with the requirements of law and the rules of court governing the same, in that the said statement, which covers and includes about seventy pages in the transcript, is almost entirely in condensed narrative form, and those portions thereof in which the testimony is given in the form of question and answer are comparatively brief; and such form of statement was necessary in order to elucidate the fact or question involved, to show the character of said testimony as bearing upon appellant's contention touching the competency, relevancy, materiality and credibility of said testimony. Court of Civil Appeals Rule 53; District and County Court Rules, 72-78; McManus v. Wallis, 52 Texas, 540; Oriental Co. v. Barclay, 93 Texas, 425, 428-430; Williams v. House, 45 S. W., 960-1; Houston & T.

C. Ry. Co. v. Williams, 31 S. W., 559; Eikel v. Randolph, 6 Texas Civ. App., 423.

FISHER, CHIEF JUSTICE.—We overrule the motion to dismiss the appeal. It appears from the condition of the docket that this case will not be reached during the present term of the court; and, in keeping with a ruling heretofore made, we do not think the failure to file the briefs in the court below within the time required by the statute will result in any prejudice to the rights of the appellees. We have heretofore held that that provision of the statute requiring briefs to be filed within a certain time is only to be rigidly enforced when it appears that the appellee will be injured on account of the failure to file the briefs within the time required. As the case will not be reached during the present sitting of the Court, it is clear that the appellants will have ample time to file briefs if done within a reasonable time, which is hereby accorded them, and if so done the appellees will have plenty of time to reply before this cause can possibly be submitted. Therefore, the motion to dismiss for failure to comply with the rule to file briefs in the court below, will be overruled.

We also overrule that ground of the motion to dismiss for failure to send up the original statement of facts. The transcript does contain, as stated by appellees, a copy of the statement of facts, and there did not accompany the record on the day that the transcript was filed in this court the original statement of facts, as required by the Act of May 25, 1907, on page 59 of the Session Laws for that year; but in reply to the motion to dismiss on this ground, the appellants have filed in this court the original statement of facts, which filing was within the time required by law for filing the original transcript in this court. We regard this as an answer to this ground of the motion to dismiss.

But we sustain appellees' motion to strike out the statement of facts on the ground that it was not prepared in accordance with the present law upon that subject. Most of the statement of facts embraces questions and answers, and was prepared subsequent to the time that the last Legislature amended the law relating to the preparation of statements of facts. There is some evidence which seems to be in narrative form, as required by the present law, but we can not dissociate it from the other evidence in the record that is in response to questions asked and which is in the nature of answers thereto. Opperman v. Petri, 107 S. W., 1142. A correct solution of the questions raised by the facts can not well be determined unless we consider all the evidence stated in the record bearing upon the question in issue, and, as most of this evidence is in the objectionable form alluded to, we have thought it proper to strike out the entire statement of facts.

Therefore the motion will be granted as to striking out the statement of facts, and will be overruled as to dismissing the appeal.

OPINION ON REHEARING.

At a previous day of this term we, upon motion of appellee, struck from the record the statement of facts, and the reasons therefore were given in the opinion handed down in disposing of the motion. Upon rehearing, we are asked to set aside our former order for the reasons, substantially:

1st. Because the present law upon the subject of preparing a statement of facts only applies to those courts where there is an official stenographer, and as the court that decided this case has no official stenographer, the act of the last Legislature has no application.

2d. That the present act does not repeal the former laws upon the subject of preparing a statement of facts except when it conflicts with former laws relating to the preparation of a statement of facts by an official stenographer, and that it did not repeal or disturb art. 1379, Revised Statutes. McIlwaine's Ann. Pocket Dig. p. 256.

3d. That under an application of a principle of fairness and justice, and the rules of the Supreme Court, the statement of facts should not be stricken out unless there was a wilful or flagrant violation of the law, and that if the law does require the statement to be prepared in narrative form, the giving the questions and answers of the witnesses in preparing the statement is not a violation of the statute if the object and purpose was to give to the testimony of witnesses some peculiar force, or as illustrating their bias or prejudice, or as having some bearing or weight in determining their credibility. These are the principal views advanced in argument of the motion for rehearing, why we should recede from our former ruling.

In disposing of the first question it is well to say that it is apparent and a fact not denied, that the statement of facts sent up in this case as a part of the record was prepared after the present law went into effect, and was apparently prepared in an attempt to comply with that law, and was prepared and made up from the stenographer's notes. The recent case of Garrison v. Richards, 107 S. W., 861, disposes of the first question. It is there held that the present and most recent law upon the subject, the Act of the 30th Legislature, 509, Session Laws, applies to appeals from all courts, whether they do or do not have an official stenographer.

In disposing of the second question we express the opinion, which is in effect substantially in accord with the views of the court in Garrison v. Richards and of this court in Opperman v. Petri, 107 S. W., 1141, that any former law that permitted a statement of facts to include questions and answers of witnesses, and not prepared so as to give the evidence in narrative form, was repealed by the present law upon the subject, which was enacted by the 30th Legislature above referred to.

If the present and recent statute heretofore referred to is to be given its proper application, and is to be construed as determined by

this court in Opperman v. Petri, then there exists little difficulty in disposing of the third question.

We are not concerned with the question whether there has been or not a wilful breach of the law in preparing a statement of facts, and will not inquire into the motive or intention of the party who prepared it, for we are only concerned with the question whether or not there was a substantial breach of the law. Nor will the suggestion that the statement was prepared embracing questions and answers as to substantial matters, so as to emphasize the testimony on given points for the purpose of affecting the credibility of the witnesses, take root in this court, for if such a reason was once admitted for the purpose of evading the requirement that the statement should be in narrative form, it would virtually destroy the effect and purpose of the law. If that could justify a statement of the facts as to the evidence of one witness, it would as to all, and could readily operate as an excuse in all cases where the evidence introduced upon the trial consists of the testimony of witnesses. It is apparent from the evidence which was brought out by questions and answers, as shown by the statement of facts, that there was a substantial breach of the statute that required the statement to be in narrative form. If the statute prohibits the incorporation in the statement of facts of questions and answers, it would be a flagrant violation of the law to permit the party who prepares the statement to incorporate a substantial and material part of the evidence of witnesses in the form as actually given at the trial, embracing the questions and answers thereto. Much of the statement of facts is prepared in that way. There are material parts of the testimony of several of the witnesses given by question and answer, and all of the evidence of one of the most important witnesses for appellee, and which is of the most material character, and occupies a number of pages of the record, is given by questions and answers.

We might admit, for the purpose of disposing of this case, that questions and answers embraced in the statement of facts as to minor or unimportant matters, or that if such questions and answers were only a few and occupied a small and insignificant part of the record, there would not be such a violation of the law as would justify striking out the statement. But that rule should not be applied in this instance, because the breach of the law was substantial.

We are not in favor of the suggestion that we should or could exercise the authority to strike out the objectionable part and leave that part in narrative form intact. Such authority might be exercised in a case where no injustice would result; but in this instance, if such a rule was applied, there would follow the result of striking out very material evidence, upon which rests a verdict and judgment in favor of appellee, a party who is not presumed to be the one in fault in preparing the statement of facts in a way not in compliance with the law.

Motion overruled.