McLANE v. HAYDON et al.    (No. 695.)

(Court of Civil Appeals of Texas.    Amarillo.
Nov. 21, 1914.    Supplemental
Opinion, Jan. 2, 1915.)

1. APPEAL AND ERROR ☞564—RECORD—TIME
FOR FILING STATEMENT OF FACTS—STATUTE.

Under Acts 32d Leg. c. 119, § 7 (Vernon's
Sayles' Ann. Civ. St. 1914, art. 2073), providing that any statement of facts, filed before the
time for filing the transcript in the appellate
court expires, shall be considered as having
been filed within the time allowed by law, where
a case was tried at the March term of the county court, which adjourned on the 21st, no order
appearing in the record extending the time for
filing the statement of facts, which was shown
to have been filed July 17th, such statement of
facts was filed in time.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2501–2506, 2555–2559;
Dec. Dig. ☞564.]

2. APPEAL AND ERROR ☞564—RECORD—TIME
FOR FILING STATEMENT OF FACTS—STATUTE.

Acts 32d Leg. c. 119, § 7 (Vernon's Sayles'
Ann. Civ. St. 1914, art. 2073), providing that
any statement of facts, filed before the time for
filing the transcript in the appellate court expires, shall be considered as having been filed
within the time allowed by law, applies to the
manner of filing the statement of facts and the
time therefor when the cause is taken to the
appellate court by petition in error.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2501–2506, 2555–2559;
Dec. Dig. ☞564.]

3. APPEAL AND ERROR ☞643 — RECORD —
STATEMENT OF FACTS—IMPERFECT AUTHENTI
CATION—WAIVER BY LAW—FILING OF MO
TION TO STRIKE—RULES OF COURT.

Supreme Court rule 8 (142 S. W. xi) provides that all motions relating to informalities
in the manner of bringing a case into court shall
be filed and entered by the clerk on the motion
docket within 30 days after filing of the transcript in the Court of Civil Appeals; otherwise, the objection shall be considered waived,
if it can be waived by the party. Rule 9 (142
S. W. xi) provides that motion to dismiss for
want of jurisdiction to try the case, and for
such defects as defeat the jurisdiction in the
particular case, and cannot be waived, shall
also be made, filed, and docketed at that time,
provided that, if made afterwards, they may be
entertained by the court upon such terms as
it may deem proper. Motion to strike a statement of facts was filed more than 30 days after
filing of the transcript in the Court of Civil Appeals, on the ground that the statement was improperly authenticated by the trial court's having certified it as true and correct only, as
shown by the stenographer's transcript. *Held*,
that the defect in the authentication was an informality relating to the manner of bringing
the cause into the appellate court, not jurisdictional, and was waived by the delay in filing the
motion.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2791–2794; Dec. Dig. ☞
643.]

4. APPEAL AND ERROR ☞614—RECORD—CER
TIFICATION OF STATEMENT OF FACTS BY AT
TORNEY—STATUTE.

Under Acts 32d Leg. c. 119, § 7 (Vernon's
Sayles' Ann. Civ. St. 1914, art. 2073), providing that, when the parties fail to agree upon a
statement of facts, the judge shall not be required to prepare such statement, unless the party appealing, by himself or attorney, within the
time allowed for filing, shall present a statement of facts and certify thereon over his signature that to the best of his knowledge and belief

it is a full and fair statement of all the facts
proven on the trial, where appellant's attorney,
presenting the statement of facts to the judge
for approval upon disagreement of the parties,
failed to append the indicated certificate, such
omission did not render the statement of facts,
as approved and certified by the judge, improper, and subject to striking on motion to the
Court of Civil Appeals, since the statute is directory in the sense that the certificate is for the
benefit of the trial judge, and he may waive noncompliance.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2708–2713; Dec. Dig. ☞
614.]

Error from Hale County Court; W. B.
Lewis, Judge.

Action by J. S. Haydon and others against
John B. McLane. Judgment for plaintiffs,
and defendant brings error. On motion to
strike statement of facts. Motion denied.

See, also, 160 S. W. 1146.

Y. W. Holmes, of Plainview, for plaintiff
in error. Fred C. Pearce and L. C. Penry,
both of Plainview, for defendants in error.

On Motion to Strike Statement of Facts.

HENDRICKS, J. [1, 2] The defendants in
error move to strike the statement of facts
from the record, upon the ground, among
others:

"Because the same was not filed in the court
below within the time provided by law, * * *
and it appears from the certificate of approval
that the county judge approving the same did
so without authority of law."

The cause was tried at the March term of
the county court, which court adjourned on
the 21st day of March, 1914. There appears
no order in the record extending the time for
filing the statement of facts. The record
shows that the same was filed July 17, 1914.
It is to be noted, however, that under the
provisions of the Acts of the 32d Legislature,
art. 2073 (section 7), amendment of 1911,
with reference to the time for preparing and
filing statements of facts, it is now provided:

"That any statement of facts filed before the
time for filing the transcript in the appellate
court expires shall be considered as having
been filed within time allowed by law for filing
same."

Chief Justice Fly said, in the case of Heirs
of Criswell v. Robbins, 152 S. W. 211:

"What purpose the Legislature had in view
in passing such a clause, which practically sets
aside all the other provisions, * * * is utterly inconceivable. But there it is, and under
its provisions the statement of facts, although
filed beyond the time legally given by the court,
must be held to have been filed in time."

This provision also applies to the matter
of filing the statement of facts, and the time
thereof, when the cause is taken to the higher court by petition in error. Louisiana Rio
Grande Canal Co. v. Quinn, 160 S. W. 151.

[3] A part of the certificate of the county
judge appended to the statement of facts
(after the statement by the court of disagreement by the attorneys) reads as follows:

"* * * The county judge of Hale county
has duly examined said statement of facts in

connection with the stenographer's transcript on file, and finds the same is a true and correct statement of the facts, and all the facts proven in said cause, as shown by the stenographer's transcript, and same is hereby adopted, approved, and filed as the court's statement of facts."

The motion in this case to strike the statement was filed more than thirty days after the filing of the transcript in this court. Rule 8 (142 S. W. xi), promulgated by the Supreme Court, with reference to motions affecting informalities in bringing the cause to the appellate court, reads as follows:

"8. All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party."

We also quote rule 9 (142 S. W. xi), partially explanatory of the meaning of rule 8:

"9. Motions to dismiss for want of jurisdiction to try the case and for such defects as defeat the jurisdiction in the particular case and can not be waived shall also be made, filed and docketed at said time: Provided, however, if made afterwards they may be entertained by the court upon such terms as the court may deem just and proper."

The rules of procedure governing matters of this character have been in existence for several decades. The nearest case we can find analogous to the particular question involved here is Railway Co. v. West Bros., 152 S. W. 181, which holds in effect that the failure of a clerk's certificate to state that the transcript was a true copy of all the proceedings is a mere informality, so that a motion to dismiss on that ground should have been made within 30 days after the filing of the transcript, under said rule 8.

The position of appellee is that the court's certificate exhibits a true and correct statement of facts, as shown only by the stenographer's transcript, which, as to this cause is an unofficial document, and is not in accordance with a proper authentication, which has considerable force. However, we are convinced that the authentication, if imperfect, is an informality relating to the manner of bringing the cause into this court, and not jurisdictional, and hence is waived on account of the delay in filing the motion.

[4] Article 2073, supra, also provides:

"That when the parties fail to agree upon a statement of facts, the judge shall not be required to prepare such statement * * * unless the party appealing, by himself or attorney, within the time allowed for filing, shall present to the judge a statement of facts and shall certify thereon, over his signature, that to the best of his knowledge and belief it is a full and fair statement of all the facts proven on the trial."

The attorney presenting the statement of facts to the judge for approval, in this instance, did not append the certificate indicated; but we are of the opinion that the same is directory, in the sense that the certificate is for the benefit of the trial judge. He could refuse to approve any statement after dis-agreement between counsel presented by the attorney for the unsuccessful litigant, if the certificate was not appended, which, however, is a matter for the judge to decide; and if he did approve, without such certificate, the lack of same would be unavailing to the opposite party.

The motion is overruled.

## Supplemental Opinion.

Article 2073, in omitting the amendment of 1911, hereinafter quoted by us, with reference to the time of filing statements of facts, as said article appears in the compilation of the Revised Civil Statutes presented for adoption to the Thirty-Second Legislature of 1911, may be misleading to the profession. At the regular session of the Thirty-Second Legislature of 1911, this article (embodied in the Official Court Stenographer's Act, and enumerated therein as section 7) was amended as follows:

"Provided that any statement of facts filed before the time for filing the transcript in the appellate court expires, shall be considered as having been filed within time allowed by law for filing same"

—the same amendment construed by us in the original opinion upon motion to strike the statement of facts, and with reference to the meaning of which, as to the time of filing, the interpretation of other courts was followed. However, article 2073, embodied in the Revised Civil Statutes of 1911, considered by the Thirty-Second Legislature, did not have the amendment appended as quoted by us (though passed by the same Legislature), and in view of the fact that section 17 of the general provisions contained in the final title of said Revised Statutes particularly prescribes that the laws enacted by the Thirty-Second Legislature are not repealed by the adoption of said statutes, but continued in force, it necessarily follows that said amendment, construed by this court and passed by the Thirty-Second Legislature, continues to be the law on the subject indicated, and is properly represented in Vernon's Sayles' Revised Civil Statutes, recently compiled. We make this explanation in view of the argument on the submission of the cause that as to article 2073 as it appears in said Revised Statutes, on account of not containing said amendment as quoted, the latter was not the law applicable to the time of the filing of statements of facts, when in reality the same was continued in force by the same Legislature.

It is also urged in the argument that the amendment of 1911, as quoted by us, has reference to the time of the filing of statements of facts in the appellate court, and not in the trial court, and that by such a construction the previous provisions in said article 2073, with reference to the granting of extensions of time for filing statements of facts, would thereby mean something, and the act would become harmonious. The act, with the

amendment of 1911, is incongruous; but we think appellee's construction would make it more so, as the logical result of such a contention would be that in some appeals the statement of facts would not have to accompany the transcript, if the latter were filed in the appellate court before the full time expired for filing transcripts, which accompaniment is specifically required by the other provisions of the law.

There was no motion for rehearing as to this matter in the appellate court, and we are merely making these observations in view of the appearance of the article as it appears in the Revised Civil Statutes of 1911, which, without further investigation, might be misleading as to the matter of appeals.