**HOUSTON & T. C. R. CO. v. WALSH.**
(No. 5543.)

(Court of Civil Appeals of Texas. Austin. Dec. 15, 1915. Rehearing Denied Feb. 2, 1916.)

1. JUDGMENT ⬤⇒256—SPECIAL FINDINGS—INCONSISTENCY.

In an action for destruction of a growing crop, which plaintiff claimed resulted from defendant's failure to properly safeguard its oil tanks, so that during a rainstorm the oil escaped destroying his crop, the jury found in answer to special questions that the rainstorm was extraordinary and unprecedented and could not have been anticipated, and that the rainfall and high water was not an act of God. *Held* that, as the first finding showed that the rainstorm was an act of God and was inconsistent with the others, a judgment for plaintiff could not stand, and a mistrial should have been entered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. ⬤⇒256.]

2. DAMAGES ⬤⇒221 — MEASURE — GROWING CROPS.

In an action for destruction of 10¼ acres of growing spinach, where the jury specially found that only 5 and a fraction acres had been destroyed, it is improper for the court to assess damages on the basis of the destruction of the entire crop.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 563–566; Dec. Dig. ⬤⇒221.]

3. NEGLIGENCE ⬤⇒63—WHAT CONSTITUTES—"ACT OF GOD."

In an action for damages for allowing oil to escape from a tank during a rainstorm and sweep over plaintiff's land, the rainstorm, if it was unprecedented and could not have been foreseen, must be deemed an act of God within the rule excusing one for damages resulting from the act of God.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 80, 81; Dec. Dig. ⬤⇒63.

For other definitions, see Words and Phrases, First and Second Series, Act of God.]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by C. W. Walsh against the Houston & Texas Central Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and Garrett & Garrett, of Austin, for appellant. Hart & Woodward, of Austin, for appellee.

RICE, J. In the fall of 1913 appellee was engaged in growing spinach for the Northern and Eastern markets, and had planted a patch of 10¼ acres of spinach in the vicinity of appellant's track, and within a short distance of where the same crossed the public road leading from the city of Austin to Del Valle. At this point appellant maintained three oil tanks for the storage of oil, two above and one underground, the first two

just a short distance from the track, and the latter underneath it. On the 3d of December of said year, while this crop of spinach was in a flourishing condition, and gave promise of producing a large yield without additional labor, the city of Austin and vicinity was visited by a heavy rainstorm, which, it is alleged, destroyed said crop by washing the waste oil which had collected on the ground about the first two tanks, as well as that in the underground tank, over and across the land upon which the same was growing. This would not have happened, appellee claims, but for the negligence of the appellant in failing to so safeguard said tanks as to prevent the escape of oil therefrom or water from flowing therein.

Appellant specifically denied each act of negligence charged against it, and further set up that the loss of the crop was not due to any act of negligence on its part, but was brought about by an act of God, in this: That the storm was unprecedented, and it had no reason to expect or anticipate such a tremendous cloud-burst or downpour of rain, which completely deluged and overflowed defendant's track at said place, and therefore no human intelligence could have foreseen and provided against it by reasonable diligence and foresight.

The case was submitted to the jury on special issues, and in response thereto the court rendered judgment in favor of appellee for the sum of $1,560, with 6 per cent. interest from date, from which judgment this appeal is prosecuted. After the jury had returned their answers to the questions submitted to them by the court, appellant presented its motion requesting that the verdict be set aside and a mistrial entered on the ground that the findings of the jury in answer to the issues submitted to them were so indefinite, confusing, conflicting, and uncertain that the court could not intelligently render a judgment thereon. This motion was overruled by the court and is the basis for the second assignment of error.

[1] It is contended on the part of the appellant that, when a case is submitted to the jury on special issues, and their findings thereon are not only inconsistent, but contradictory and in direct conflict with the judgment rendered thereon, it cannot be sustained. We agree with appellant in this contention. The findings of the jury in answer to questions 19, 20, 31, 32, 35, 36, 44, and 45 specifically found from the evidence that the rainfall in question both at defendant's oil tanks and track and at appellee's spinach field was extraordinary and unprecedented, such as had never before been known within the memory of living witnesses, and could not have been foreseen or anticipated, thereby establishing that said rainfall was an act of God under the law, and the jury found in answer to questions 22 and 63 submitted by the court, that said rainfall and high water

was not an act of God, thus making the latter findings in direct conflict with and contradictory of the findings first set out. This being true, the court could not render judgment for either party upon the verdict, and was in error in refusing to grant appellant's motion for a new trial. See Railway v. Jenkins, 172 S. W. 984; Brown v. Catrett, 45 Tex. Civ. App. 649, 101 S. W. 559.

In Railway v. Jenkins, the court holds that, where the findings of a jury are in conflict on a material issue, a judgment rendered thereon cannot be sustained.

In the case of Railway v. Smallwood, 171 S. W. 292, it is held that:

"When a special verdict has been returned, the trial court, in rendering judgment, cannot disregard a finding of the jury on a material issue, even though such finding has no support whatever in the testimony."

In Scott v. Bank, 66 S. W. 485, Mr. Chief Justice Key, of this court, announces the same principle. See, also, Fant v. Sullivan, 152 S. W. 515.

If the rainfall which destroyed the crop by washing oil thereon was an act of God, and could not have been foreseen, and but for which such oil would not have reached appellee's crop, appellant was entitled to judgment. This was a material issue upon which the jury found in appellant's favor. The appellant had asked for judgment, based on said findings, which was refused. It then requested that the verdict be set aside and a mistrial entered on account of such inconsistent and conflicting findings, which was also refused. We think the court erred in failing to set aside the verdict for the reasons stated.

[2] By its third assignment appellant insists that the court erred in rendering judgment for $1,560 on the ground that the same is not supported by, but is in conflict with, the evidence. The jury answered that only 5.23 acres of spinach was destroyed, whereas the judgment of the court is for 40 barrels per acre for the entire 10 acres at a price of $3.90 per barrel. We sustain this contention.

[3] Appellant assigns as error the refusal of the court to instruct the jury as follows:

"The jury are instructed that, as applied to the facts in this case, an act of God, as that term is used in the court's charge and issues submitted, means such a rainfall and high waters as was extraordinary and unprecedented, and such as had not been known or heard of before, and which a person of ordinary care and prudence, under the circumstances, could not have foreseen or anticipated."

This charge should have been given, as it is in substantial accord with the authorities on this subject. See Railway v. Halloren, 53 Tex. 46, 37 Am. Rep. 744; Railway v. Fowler, 56 Tex. 452; Railway v. Parker, 50 Tex. 344; Railway v. Williams, 3 Ind. Ter. 352, 58 S. W. 571. See, also, Baltimore & Ohio Ry. Co. v. Sulphur Spring School District, 96 Pa. 65, 42 Am. Rep. 529; Coleman v. Railway Co., 36 Mo. App. 476; Rail-

way Co. v. Pomeroy, 67 Tex. 502, 3 S. W. 722; Railway v. Holliday, 65 Tex. 512.

The jury probably were, as claimed by appellant, confused and rendered inconsistent answers on account of the numerous special issues submitted; there being 63 in number. We suggest, in view of another trial, that, if the case is again submitted upon special issues, same be so condensed and reduced in number as to avoid this complaint.

For the reasons indicated, the judgment is reversed, and the cause remanded for another trial.