### KIRBY LUMBER CO. v. SMITH et al. (No. 82.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 13, 1916. On the Merits, March 16, 1916.)

1. APPEAL AND ERROR ☞771—BRIEFS—TIME OF FILING—STATUTE—DISMISSAL.

Vernon's (Sayles' Ann. Civ. St. 1914, art. 2115, providing for filing a brief in the lower court 5 days before filing of the transcript in the Court of Civil Appeals is not mandatory; and failure to comply therewith will not cause a dismissal of the case, where good cause is shown for the failure, as sickness of counsel, and no prejudice results, as where the brief is short, and ample time, 2 months, remains for answering it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3105; Dec. Dig. ☞771.]

2. APPEAL AND ERROR ☞564(2) — TIME OF FILING STATEMENT OF FACTS.

A statement of facts filed within 12 months after final judgment was rendered, is in time, in case of writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2502, 2555; Dec. Dig. ☞564(2).]

#### On the Merits.

3. HUSBAND AND WIFE ☞252 — COMMUNITY PROPERTY—TITLE OF WIFE.

The wife of one acquiring right to land by pre-emption survey has only an equitable title, by reason of her community interest therein, he deeding it to another, to whom patent issued.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 895; Dec. Dig. ☞252.]

4. VENDOR AND PURCHASER ☞242 — BONA FIDE PURCHASER — BURDEN OF PROOF — LEGAL AND EQUITABLE TITLES.

Plaintiffs, in trespass to try title against one having the legal title under purchase from the patentee, have the burden of showing defendant purchased with notice, actual or constructive, of their equitable title, or was not a purchaser in good faith for value.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 603–605; Dec. Dig. ☞242.]

5. VENDOR AND PURCHASER ☞226(1)—PRE-EMPTION LAND — NOTICE TO PURCHASER — COMMUNITY INTEREST OF WIFE.

As a single man could acquire land under the Pre-Emption Act of January 22, 1845 (Paschal's Dig. art. 4326, and article 4341) patent to R., as assignee of the rights of S. so acquired, was not notice to a purchaser from R., of S. having a wife with a community interest in the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 475; Dec. Dig. ☞226(1).]

6. VENDOR AND PURCHASER ☞226(1) — BONA FIDE PURCHASER—PURCHASE FROM PATENTEE.

The purchaser of land from a patentee is not required to go behind the patent; there being nothing in it to put one on notice of the claims of others than the patentee in and to the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 475; Dec. Dig. ☞226(1).]

Error from District Court, Shelby County; W. C. Buford, Judge.

Action by G. S. Smith and another against the Kirby Lumber Company. Judgment for plaintiffs, and defendant brings error. Reversed and rendered.

Andrews, Streetman, Burns & Logue, of Houston, for plaintiff in error. D. M. Short & Sons, of Center, for defendants in error.

CONLEY, C. J. Defendants in error file a motion to dismiss this cause. First, for the reason that the plaintiff in error failed to file brief in the lower court, as well as briefs in the appellate court, within the time, and in the manner prescribed by law and by the rules governing this court in such matters; and second, for the reason that the statement of facts, constituting a part of the record, was not filed until more than 90 days after the adjournment of the term of court at which the cause was tried. It would appear from the record that final judgment was rendered on September 7, 1914, and that the court adjourned September 12, 1914. The statement of facts was filed in the lower court January 30, 1915. A writ of error was sued out and bond filed August 30, 1915, citation in error was served on the defendants in error on the 30th day of August, 1915. The record was filed in this court November 8, 1915. A copy of plaintiff in error's brief was forwarded to the clerk of the district court of Shelby county on the 14th day of December, 1915, and another copy sent, on the same day, to counsel for defendants in error, and on the same date briefs were filed in this court.

[1] Article 2115, Sayles' Texas Civil Statutes, provides that not less than 5 days before the date of filing of the transcript in the Court of Civil Appeals, the appellant or plaintiff in error must file with the clerk of the court below a copy of his brief, and the rules further provide that four copies of such brief shall be filed in the appellate court. The courts have uniformly held that the statute above referred to is not mandatory, and when a failure to so file the briefs has not resulted in any prejudice to the appellee or defendant in error, the case will not be dismissed therefor. Railway Co. v. Holden, 93 Tex. 211, 54 S. W. 751. It has been further held that if good cause is shown for the failure to file brief in the lower court 5 days before filing the transcript in the appellate court, the appeal will not be dismissed for

such failure. Railway Co. v. Milliron, 53 Tex. Civ. App. 325, 115 S. W. 656. There appears an affidavit attached to plaintiff in error's reply to the motion to dismiss this cause, in which counsel for plaintiff in error says that he intended and expected to be able to brief this cause in time to file such brief in the lower court within the time required by law, but that he was taken ill, and was compelled to go to a sanitarium, where he underwent an operation, which confined him to his home for a considerable time, and that on account of other urgent and pressing obligations to brief cases pending in the several Courts of Civil Appeals, he was unable to reach this case, and to file the briefs until the time herein stated. It also appears from examination of the docket of this court that the defendants in error will have at least 2 months in which to answer plaintiff in error's brief, which brief is typewritten, containing only 14 pages, and has incorporated therein but one assignment of error. Under such circumstances we feel that plaintiff in error has shown good cause for his failure to comply with the statute and the rules of the court governing the filing of briefs, and that the defendants in error will have ample time to brief this cause, and that therefore the defendants in error have not been prejudiced by such failure to file briefs. Crenshaw v. Temple, 130 S. W. 731; Deaton v. Feazle, 85 S. W. 1167; Peoples v. Evans, 50 Tex. Civ. App. 225, 111 S. W. 756.

[2] The statement of facts was filed in time. A statement of facts filed any time within 12 months after the final judgment was rendered would be in time under a writ of error. Louisiana, etc., Canal Co. v. Quinn, 160 S. W. 151; McLane v. Haydon, 178 S. W. 1197.

The motion to dismiss the appeal will therefore be overruled.

## On the Merits.

This suit was instituted in the district court of Shelby county, Tex., by G. S. and C. C. Smith, as plaintiffs, against the Kirby Lumber Company, as defendant, in trespass to try title to a tract of 125 acres of land in Shelby county, Tex., patented by the state of Texas to W. J. Ragland, as the assignee of James M. Smith. The plaintiffs specially pleaded their title in substance as follows: They claimed they were the only heirs at law of their mother, Barbara Smith, who died intestate; that the tract of land in controversy was the community homestead of their father, James M. Smith, and their mother, Barbara Smith; that while said tract of land was being used as a homestead, James M. Smith, their father, conveyed the same to W. J. Ragland, the mother refusing to join in the deed, and that the said land was afterward patented by the state of Texas to W. J. Ragland, and that the Kirby Lumber Company now holds the legal title

to said tract of land under that chain of title; that their mother's one-half interest in said property had never passed from her; and that they were invested with an equitable title, inherited by them from their mother, for said one-half interest, and they accordingly prayed that they have judgment therefor. The defendant answered by general demurrer, general denial, plea of not guilty, and in reply to the facts specially pleaded by the plaintiffs denied that the plaintiffs had any interest whatsoever in said premises, and set up that under the patent issued to W. J. Ragland, as the assignee of James M. Smith, defendant acquired and held full and perfect title, legal and equitable, to the entire tract of land described in plaintiffs' petition. The cause was tried before the court without a jury, and on the 7th day of September, 1914, the court rendered judgment in favor of plaintiffs for an undivided interest of $5/12$ in and to the tract of land sued for. From this judgment the Kirby Lumber Company has sued out a writ of error, and the same is now before us for review.

Before considering the assignments of error, it is appropriate to here state that the defendants in error filed a motion to dismiss this cause: First, for the reason that the plaintiff in error failed to file its brief in the lower court, as well as briefs in the appellate court, within time, and in the manner prescribed by law, and by the rules governing this court in such matters; and second, for the reason that the statement of facts constituting a part of the record, was not filed within more than 90 days after the adjournment of the term of court at which the cause was tried. It appears from the record that the final judgment was rendered on September 7, 1914, and that the court adjourned September 12, 1914. The statement of facts was filed in the lower court on January 30, 1915. A writ of error was sued out, and bond filed August 30, 1915. Citation in error was served on the defendants in error on the 30th day of August, 1915. The record was filed in this court November 8, 1915. A copy of plaintiff in error's brief was forwarded to the clerk of the district court of Shelby county on the 14th day of December, 1915, and another copy sent, on the same day, to counsel for defendant in error, and on the same date, the briefs were filed in this court.

Article 2115, Sayles' Texas Civil Statutes, provides that not less than 5 days before the date of filing the transcript in the Court of Civil Appeals, the appellant or plaintiff in error must file with the clerk of the court below a copy of his brief, and the rules further provide that four copies of such brief shall be filed in the appellate court. The courts of this state have uniformly held that the statute above referred to is not mandatory, and when a failure to so file the brief has not resulted in any prejudice to the

rights of appellee or defendant in error, the case will not be dismissed therefor. Railway Co. v. Holden, 93 Tex. 211, 54 S. W. 751. It has further been held that if good cause is shown for the failure to file brief in the lower court 5 days before filing the transcript in the appellate court, the appeal will not be dismissed for such failure. Railway Co. v. Milliron, 53 Tex. Civ. App. 325, 115 S. W. 656. There appears an affidavit attached to plaintiff in error's reply to the motion to dismiss this cause, in which counsel for plaintiff in error says that he intended and expected to be able to brief this cause in time to file such brief in the lower court, within the time required by law, but that he was taken ill, and was compelled to go to a sanitarium, where he underwent an operation, which confined him to his home for a considerable time, and that on account of other urgent and pressing obligations to brief cases pending in the several Courts of Civil Appeals, he was unable to reach this case and to file the briefs until the time here stated.

When this motion to dismiss was first presented to us and considered, on or about the —— day of January, 1916, it then appeared from an examination of this court's docket, that the defendants in error would have at least 2 months in which to answer plaintiff in error's brief before this cause would be regularly reached for submission, and that appellant in error's brief was typewritten, containing only 14 pages, and had incorporated therein but one assignment of error. Under such circumstances, the plaintiff in error was thought to have shown good cause for his failure to comply with the statute and the rules of the court governing the filing of briefs, and the defendants in error, having ample time in which to brief this cause, therefore, were not prejudiced by such failure to file briefs. Crenshaw v. Hempel, 130 S. W. 731; Deaton v. Feazle, 85 S. W. 1167; Peoples v. Evans, 50 Tex. Civ. App. 225, 111 S. W. 756.

This court also concluded that the statement of facts was filed in time. A statement of facts, filed any time within 12 months after the final judgment was rendered, would be in time under a writ of error. Louisiana, etc., Canal Co. v. Quinn, 160 S. W. 151; McLane v. Haydon, 178 S. W. 1197.

The motion to dismiss the appeal was therefore overruled.

[3] The first assignment of error attacks the judgment of the court as being wholly without any evidence to support it, for that the claim of the defendants in error of title to the premises in controversy being limited by their pleadings and the evidence to whatever interest in said premises they acquired by inheritance from their mother, Barbara Smith, and any interest in said premises, if any, which the said Barbara Smith ever had in said premises being purely equitable, and the legal title to said premises being shown by the undisputed evidence and admitted by the defendants in error, Kirby Lumber Company, and the burden of proof being upon the defendants in error to show that the Kirby Lumber Company, when it purchased said premises, was not a bona fide purchaser for value without notice of such equitable ownership or claim, and there being no evidence that the Kirby Lumber Company, when it purchased, did not pay a valuable consideration for said premises, or was not a bona fide purchaser thereof or purchased same with notice, either actual or constructive, of such equitable interest or claim, judgment should therefore have been rendered in favor of the plaintiff in error, Kirby Lumber Company, and there was therefore no evidence justifying or supporting the judgment in favor of defendants in error. The evidence is undisputed that James M. Smith and Barbara Smith were husband and wife, and father and mother of defendants in error; that they are now both dead, and that the mother died intestate; that in 1861 the mother and father and their children were living on the tract of land in controversy, and continued to live there for 3 or 4 years, when they moved to Graham's Mill, where they both died, the mother dying first, about 3 years after the war ended; that there were three children living when the mother died namely, C. C. Smith, his brother, the other defendant in error in this cause, and Isabel, a sister, those three being all the children; that the sister died a good while after the mother's death; that the father died after the sister died; that their father and mother did not own a home at Graham's Place when the land in controversy was sold; that it was a matter of family history that the father, James M. Smith, sold the land in controversy to Dr. W. J. Ragland, in payment of a doctor's bill, Dr. Ragland having practiced medicine in the Smith family, and attended the father and mother; that the mother, Barbara Smith, refused to sign the deed; that the father then executed the deed and sold the place; that the deed was executed by James M. Smith in payment of Dr. Ragland's bill. The evidence further shows that the James M. Smith survey was a pre-emption survey, and that the field notes were made by George W. Lock, county surveyor, on March 1, 1858, being the same field notes which subsequently were put into the patent; that the patent to the land in question was issued by the state of Texas to W. J. Ragland, assignee of James M. Smith, May 1, 1876; that Dr. W. J. Ragland, deceased, left a will naming A. M. Ragland as independent executor and vesting in him the power to sell and convey; that A. M. Ragland, as executor of the estate of W. J. Ragland, deceased, executed to J. T. Polly a deed to the land in controversy, dated November 18, 1901, and that J. T. Polly sold the land to the Kirby Lumber Company in

consideration of $375 cash, under deed dated April 26, 1902. The patent to the tract of land in controversy having issued to W. J. Ragland as assignee of James M. Smith, the legal title to the premises was thereby vested in W. J. Ragland, and passed to the Kirby Lumber Company, plaintiff in error, holding under said patent, so that the title of Barbara Smith, the mother of defendants in error, was purely equitable. Wimberly v. Pabst, 55 Tex. 587; Durst v. Daugherty, 81 Tex. 653, 17 S. W. 388; Saunders v. Isbell, 5 Tex. Civ. App. 513, 24 S. W. 307; Johnson v. Newman, 43 Tex. 628; Hall v. Gwynne, 4 Tex. Civ. App. 109, 23 S. W. 289; Bogart v. Moody, 35 Tex. Civ. App. 1, 79 S. W. 633.

[4] The legal title to the premises in controversy being shown by the undisputed evidence, and admitted by the defendants in error in their pleadings to be vested in the plaintiff in error Kirby Lumber Company, the burden of proof rested upon the plaintiffs, to entitle them to recover, to show that the Kirby Lumber Company, when it purchased, had actual or constructive notice of the equitable title of the defendants in error or that it was not a purchaser of said premises in good faith for a valuable consideration. Saunders v. Isbell, 5 Tex. Civ. App. 513, 24 S. W. 307; Brown Hardware Co. v. Catrett, 45 Tex. Civ. App. 647, 101 S. W. 559. There was no evidence whatsoever that the Kirby Lumber Company when it purchased, had any actual notice of the equitable title claimed by defendants in error, nor is there any evidence that the plaintiff in error, Kirby Lumber Company, when it purchased said premises, did not purchase the same in good faith, and pay a valuable consideration therefor.

[5] The only question now remaining for us to consider is whether or not the Kirby Lumber Company had constructive notice of the equitable title. There was no one living upon the land in question when the Kirby Lumber Company purchased. The land had been vacated by the Smiths shortly after the war. There is therefore no evidence whatsoever that from any possession of the land, or from any physical facts existing when the Kirby Lumber Company bought, it had constructive notice of plaintiffs' equitable claim. The instruments in the plaintiff in error's chain of title consist of a deed from James M. Smith to William J. Ragland; the patent to the tract of land in controversy issued by the state of Texas to W. J. Ragland, as assignee of James M. Smith; a deed from the independent executor of the estate of W. J. Ragland to J. T. Polly, and a deed from J. T. Polly to the Kirby Lumber Company. There are no recitals of any kind in said instruments to put the Kirby Lumber Company upon notice of plaintiffs' equitable title.

The patent issued by the state covers 125 acres of land, and it states that this land had been conveyed by James M. Smith to W. J. Ragland, to whom the patent issued, and that the patent was issued by virtue of an affidavit made by James M. Smith under the act of March 24, 1871 (Acts 12th Leg. c. 22). The Pre-Emption Act of January 22, 1845, Paschal's Digest, art. 4326, provided:

"All individuals who have settled upon and improved * * * a portion of the vacant public domain * * * have the privilege of locating and surveying a tract of land, not exceeding 320 acres."

The same language is used in article 4341, limiting the right to pre-emption to 160 acres. It is to be seen from the language of this act that a single man could acquire land under the pre-emption statute. The record in this case shows that James M. Smith had the land in question surveyed in the year 1858, as a pre-emption survey. It was not necessary that he should have been a married man. In view of the fact that he could, as a single man, acquire the pre-emption, a conveyance thereof would certainly put no one upon notice that he was a married man. Likewise, there is nothing in the patent to put any one upon notice that James M. Smith was a married man. The patent recites merely that the land was patented to W. J. Ragland, to whom it had been conveyed by James M. Smith, and that the patent was issued by virtue of affidavit made by James M. Smith under the act of March 24, 1871. There is nothing in the patent or in any of the deeds visiting constructive notice that there were others than James M. Smith interested in the land. This case does not come within the rule announced in Hill v. Moore, 85 Tex. 335, 19 S. W. 162, holding that a patent to a league and a labor of land conveys notice to a purchaser that there are other persons than the patentee interested; this rule being put upon the ground that a headright league and labor could be granted only to a family. The rule has never been extended to cases where the patent covers a quantity of land which could have been granted to a single person, as well as to a married person.

[6] When there is nothing in the patent to put one upon notice of the claims of others in and to the land covered thereby, the purchaser of the land is not required to go behind the patent, and therefore, in the instant case, was not chargeable with notice of the wife's community interest therein. Wimberly v. Pabst, 55 Tex. 587; Bogart v. Moody, 35 Tex. Civ. App. 1, 79 S. W. 633.

It follows from what has been said that this assignment of error must be sustained. This cause is therefore reversed and rendered; and it is so ordered.