1118

**A. O. YANCY, Appellant, v. STATE of Texas, Appellee. (No. 13080.)**

Court of Criminal Appeals of Texas. Oct. 23, 1929.

W. B. Howard, of Childress, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the unlawful possession for the purpose of sale of intoxicating liquor; penalty, two years.

Appellant has filed an affidavit in proper form, asking that his appeal be dismissed.

Granted, and appeal dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

**Ben ALLEN, Appellant, v. R. E. HANCOCK, Appellee. (No. 2297.)**

Court of Civil Appeals of Texas. El Paso. June 13, 1929.

Rehearing Denied Sept. 3, 1929.

Morrison & Morrison, of Big Spring, for appellant.
Thomas & Whitaker, of Big Spring, for appellee.

HIGGINS, J. Appellee sued appellant to recover a commission for effecting a sale of land owned by appellant and sold to Cody Bell. It was undisputed the land was sold for $5,000.

In substance the findings of the jury were to the effect that the efforts of appellee were the procuring cause of the sale. The parties had an agreement whereby defendant was to pay plaintiff a commission for the sale, without any understanding as to the amount of the commission. The usual and customary commission paid agents in the community for the sale of land was five per cent. Judgment for $250 was rendered in the plaintiff's favor.

We have carefully examined and considered the record and brief of appellant, and regard the case as one of fact, settled by the verdict of the jury. We see no occasion to discuss in detail the assignments and propositions presented. The propositions may be conceded to be correct in the abstract, but have no application upon the facts found. These findings the evidence supports. The issues requested by defendant were evidentiary, and in some instances embraced more than one issue, which is improper. The refusal of such issues, therefore, presents no reversible error.

The questions submitted by the court fairly and sufficiently presented the ultimate controlling issues of fact in the case. The questions are not subject to the objections urged against them. We think no reversible error is shown.

Affirmed.

---

**Joe M. GREEN et al., Appellants, v. Charles G. GERNER et al., Appellees. (No. 7410; Motion No. 6776.)**

Court of Civil Appeals of Texas. Austin. Oct. 9, 1929.

McCLENDON, C. J. Motion overruled, because not filed within 30 days after filing transcript in the Court of Civil Appeals. Court of Civil Appeals Rule 8; Conn v. Houston Oil Co. (Tex. Civ. App.) 171 S. W. 520 (writ of error refused); Tyler v. Sowders (Tex. Civ. App.) 172 S. W. 205; Freeman v. Walker (Tex. Civ. App.) 175 S. W. 455; McLane v. Haydon (Tex. Civ. App.) 178 S. W. 1197; Jefferson v. Williams (Tex. Civ. App.) 286 S. W. 614.

Motion overruled.