## SKIPPER et al. v. MITCHELL.
### No. 4144.

Court of Civil Appeals of Texas. Texarkana.
June 18, 1932.

Rehearing Denied June 23, 1932.

Stuart, Morgan, McGaw & Mitchell, of Longview, for appellants.

C. W. Falvey, of Lufkin, Jno. Howard, of El Paso, and T. G. Jackson, of Longview, for appellee.

WILLSON, C. J. (after stating the case as above).

There was evidence that the lease to appellee was from July 1, 1930, for the remainder of that year, and of an agreement on a condition specified to extend the term for one year from January 1, 1931. It was because of this testimony, it is assumed, that the trial court submitted to the jury a question (numbered 1) as follows: "Has the plaintiff shown by a preponderance of the evidence that she, through her husband, made a contract with the defendant for the lease of the premises in controversy for the balance of the year 1930, and for one year thereafter, provided he, the defendant, signed a written contract evidencing the terms of such lease?" The jury answered the question "Yes," and it is insisted the answer was in conflict with a like answer they made to another question (numbered 2) submitted to them, as follows: "Has the defendant shown by a preponderance of the evidence that the plaintiff, through her husband, made and entered into a contract with the defendant whereby plaintiff leased to the defendant the land in controversy for all purposes, for a period of five years, beginning January 1, 1931?"

The findings were material, and it is plain enough, we think, they were so contradictory as to destroy each other. In that state of a case it is held a court properly cannot render a judgment. Houston & T. C. R. Co. v. Walsh (Tex. Civ. App.) 183 S. W. 18; Houston, E. & W. T. R. Co. v. Browder (Tex. Com.

App.) 283 S. W. 154; J. S. Brown Hardware Co. v. Catrett, 45 Tex. Civ. App. 647, 101 S. W. 559. Appellee's contention that the rule recognized in the cases just cited should not be given effect in the instant case is on the theory that the conflict claimed did not appear to exist when the findings in question were considered in connection with other findings made by the jury. But we think none of the other findings operated to relieve the conflict. The third one of the findings was that the lease for five years was to be evidenced by a written instrument; and the fourth was that appellants placed appellee in possession of the land, agreeing he should have the same "for the remainder of the year 1930, and five years thereafter."

Other questions are presented in appellants' brief, but, as they may not arise on another trial, we think they need not be determined.

The judgment is reversed, and the cause is remanded to the court below for a new trial.